RINDGE *v.* LAMB.

A selectman, by accepting his office and performing its duties, with knowledge of and without objecting to the price which the town has voted to

pay for selectmen's services, makes a valid contract to accept that price in full payment.

ASSUMPSIT, to recover for over-payment to the defendant for his services as selectman of Rindge. At the annual meeting in 1864, under a proper article in the warrant, the town voted that the selectmen be paid $1.50 for each day's services. From 1864 to 1875 the selectmen charged and were paid for their services at that rate, their accounts being audited and allowed, by vote of the town, at the end of each year.

The defendant was one of the selectmen in 1874, and charged and received pay for his services at the rate of $1.50 per day, his account being allowed by vote of the town at the annual meeting in 1875. He was one of the selectmen in 1875, and, with the other selectmen, charged, for making the extra appraisal of real estate and for perambulating the town lines, more than $1.50 per day, and for all other services as selectman $1.50 per day, for which they drew their orders on the town treasurer and received payment therefor. At the annual meeting in 1876 the town voted not to allow the account. The excess received by the defendant above $1.50 per day was $33.25.

The defendant offered to show that the selectmen, as the financial agents of the town, acted in good faith, and used their judgment in fixing the price of their services; also, what his services as selectman were reasonably worth; and that his services, in making the extra appraisal of real estate and in perambulating the town lines, were reasonably worth all that he was paid for them. The court held, that, in view of the evidence of the plaintiffs, which was conceded by the defendant to be true, the evidence offered by the latter would be no defence to the action, and excluded it, and the defendant excepted.

A verdict for the plaintiffs for $33.25 was thereupon taken by consent, subject to the opinion of the whole court.

*Blake* and *G. Y. Sawyer*, for the defendant.

*Faulkners & Batchelder*, for the plaintiffs.

SMITH, J. It being conceded at the trial that the defendant knew of the vote of 1864 when elected to the office of selectman, we think the evidence offered by the defendant was properly rejected. When he accepted a reëlection in 1875, the town had a right to presume he would serve them upon the same terms as in 1874, and that they were assuming no legal obligation to pay him any larger price. *N. H. Iron Factory Company* v. *Richardson*, 5 N. H. 294. The vote of the town was an offer to pay $1.50 per day as compensation, and the acceptance of the office with knowledge of the vote was an acceptance of that offer; and the offer and acceptance constituted a valid contract, binding upon the parties. Having accepted the office with knowledge of the compensation which the town had voted to pay, the defendant is presumed

to have contracted with the town to perform all the duties of the office upon the terms proposed. He claims to receive more for what he considers extra services. But we do not see anything in the nature of the services that calls for any distinction. We think his acceptance covered all the duties of the office.

Selectmen are the financial agents of the town for most purposes, when no others are specially chosen. Gen. St., c. 37, s. 4. But the statute has not conferred upon them the power to determine the value of their own services. Where there is no contract, they can recover only what their services are reasonably worth. But the defendant had no occasion to show what his services were worth, because he agreed to serve for the price fixed by the town.

*Judgment on the verdict.*

Allen, J., did not sit.