## STONE v. TOWNE & a.

When no apportionment is made or authorized by a school-district in the distribution of the salary among the members of the board of education, it is to be divided equally, without reference to the amount of service or the manner of its performance, and the board have no authority to change it if objection be made.

ASSUMPSIT. Money had and received, for $83.33, one third part of the salary of the board of education of the school-district composed of the whole town of Franklin, for the year ending March, 1890. The facts appear in the opinion.

*Frank N. Parsons* and *Sanborn & Hardy*, for the plaintiff.

*Edward G. Leach* and *Barnard & Barnard*, for the defendants.

CLARK, J. The sum of $250 has been drawn from the treasury of the district on the order of the defendants, as compensation for the services of the board of education. It was the understanding of the voters that the members of the board should receive that sum for their services, and the district makes no objection or claim to the money so paid. Of this sum the defendants have received $100 each, and the plaintiff $50. The defendants claim that they are entitled to a larger share of the salary than the plaintiff because the plaintiff did not perform his share of the work of the board. The plaintiff claims one third of the salary of the board,

and brings this action to recover of the defendants $33.33 as the balance of his salary, they having drawn the same from the treasury and claiming the right to retain it. The question is as to the authority of the defendants to apportion the salary.

The right of the members of the board of education to compensation rests upon the action of the district. It is not implied or determined from the amount or character of the services rendered. " There is no such implied obligation on the part of municipal corporations, and no such relation between them and officers which they are required by law to elect, as will oblige them to make compensation to such officers, unless the right to it is expressly given by law, ordinance, or by contract. Officers of a municipal corporation are deemed to have accepted their office with knowledge of and with reference to the provisions of the charter or incorporating statute relating to the services which they may be called upon to render, and the compensation provided therefor. Aside from these, or some proper by-law, there is no implied assumpsit on the part of the corporation with respect to the services of its officers. In the absence of express contract, these regulate the right of recovery and the amount." Dill. Mun. Corp. (2d ed.) s. 169.

It does not appear that any apportionment or discrimination was made or authorized by the district in the distribution of the salary among the members of the board of education ; and in the absence of such provision it is to be divided equally. It appears that it was so divided the previous year, the plaintiff and the defendants constituting the board at that time. The acceptance of the office by the defendants upon their reëlection was evidence of their willingness to perform the duties upon the same terms as the previous year, and they were each entitled to claim and receive from the district one third of the salary appropriated for the board, and no more. *Rindge* v. *Lamb*, 58 N. H. 278.

It appears from the case that the plaintiff was " duly elected, qualified, and served" as a member of the board of education for the year 1889–'90. He is therefore entitled to the salary of a member of the board, being one third of $250. It is immaterial whether the services actually rendered by him were worth more, or less, than the salary. The salary was not conditional upon the amount of service or the manner of its performance. If the services were of greater value, or performed with superior fidelity, he can recover no more than the compensation provided. If they were of slight value, and if the duties of the office were imperfectly performed, the right to the salary is not impaired or defeated, the law having provided for the punishment of wilful neglect of duty otherwise than by depriving the plaintiff of his salary, or by transferring a part of it to the defendants. " If any public officer wilfully neglects any duty of his office, and no penalty is prescribed by statute for such neglect, he shall forfeit

a sum not exceeding thirty dollars." Gen. Laws, *c.* 262, *s.* 13. Mere neglect of official duty does not create a vacancy in the office. *Giles* v. *School District*, 31 N. H. 304.

The defendants do not show any legal authority to apportion the salary. They rest their claim upon the ground that having performed more service than the plaintiff they are equitably entitled to more compensation; but as the right to compensation rests entirely upon legal grounds, this claim cannot be sustained, and the defendants' offer to show that the apportionment made by them was an equitable one was properly denied.

*Judgment for the plaintiff.*

BLODGETT and CHASE, JJ., did not sit: the others concurred.