Strafford, }
Oct. 7, 1902. }

### STATE *v.* WATERHOUSE.

If the moderator of a school-district meeting willfully refuses to make a vote certain by a poll of the voters when duly required, he is liable for neglect of official duty under section 14, chapter 255, Public Statutes; and the penalty prescribed is properly recoverable by a criminal proceeding in the name of the state.

INDICTMENT, for willfully refusing to make a vote certain by a poll of the voters, while the defendant was acting as moderator of a special meeting of the school district of Barrington. The defendant's demurrer was overruled by *Wallace*, C. J., at the February term, 1902, of the superior court, subject to exception.

*Walter W. Scott*, solicitor, for the state.

*George E. Cochrane, Samuel W. Emery, John Kivel*, and *Frank F. Fernald*, for the defendant.

BINGHAM, J. A moderator is one of the officers provided by statute to conduct the affairs of a school-district meeting (P. S., c.

90, *s.* 12) ; and as such officer he is charged with the performance of certain public duties. *Stone* v. *Towne*, 67 N. H. 113, 115. By section 17, chapter 90, and section 6, chapter 42, of the Public Statutes, he is charged with the particular duty here called in question, — of polling the voters to make certain any vote, other than one taken by ballot, upon being duly required so to do. While section 17 provides that a school-district moderator " shall have the like power and duty as a moderator of a town meeting to conduct the business," it contains no provision imposing the same or any penalty for neglect of duty by a district moderator. Its omission discloses an intention not to incorporate the provisions of section 7, chapter 42, into, and make it a part of, section 17.

This interpretation of the statute does not render it inoperative. The moderator of a school-district meeting is a public officer within the meaning of section 14, chapter 255, of the Public Statutes, which provides that " if any public officer willfully neglects any duty of his office, and no penalty is prescribed by statute for such neglect, he shall forfeit a sum not exceeding thirty dollars." The indictment charges the respondent, while acting as moderator, with willfully neglecting a duty of his office ; and as there is no statute imposing a particular penalty for such offence, it is punishable under the general one relating to public officers. *State* v. *Hoit*, 23 N. H. 355, 359.

" A forfeiture prescribed by statute for an offence created by statute is properly recovered by indictment or information, when no person is named to take the penalty." *State* v. *McConnell*, 70 N. H. 158, 161 ; *State* v. *Tappan*, 15 N. H. 91. As the offence is statutory, and no person is designated by section 14 to take the penalty, the indictment lies.

In view of the provisions of section 14, chapter 255, imposing a penalty for willful neglect of duty by a public officer in cases not otherwise specially provided for, it becomes unnecessary in the decision of this case to consider the contention of counsel for the state, that where a statute creates a public duty, without imposing a penalty for its violation, an indictment lies at common law for its willful violation. *State* v. *Fletcher*, 5 N. H. 257 ; *State* v. *Woodbury*, 35 N. H. 230 ; End. Int. Stat., *ss.* 463, 464.

*Exception overruled.*

All concurred.