HELENA SPECIAL SCHOOL DISTRICT NO. 1 *v.* KITCHENS.

Opinion delivered April 28, 1913.

1. SCHOOL DISTRICTS—"COMMON SCHOOL FUND"—COMMISSIONS OF COUNTY TREASURER.—Under Art. 7, § 46, of the Constitution, which provides for the election of a county treasurer who shall be ex-officio treasurer of the common school fund, and Kirby's Digest, § 3509, allowing the treasurer commissions on the aggregate amount of all school funds coming into his hands in any one year, the term "common school fund" means funds raised by the annual levy and collection of the taxes for school purposes and other sources as prescribed by Kirby's Digest, § 7486, and special funds obtained by mortgaging the property of a special school district under Kirby's Digest, § 7696, are not a part of the common school fund; and the treasurer being entitled to commissions on funds raised by taxation to pay the interest on the mortgage, is not entitled to a commission, on the principal of the mortgage debt.   (Page 139.)

2. OFFICER—FEES.—A public officer is entitled to commissions or fees only when there is some specific statutory authority for the allowance of the same.   (Page 140.)

Appeal from Phillips Circuit Court; *Hance N. Hutton*, Judge; reversed.

STATEMENT BY THE COURT.

The appellant borrowed $100,000 and mortgaged its property for the purpose of paying for a high school building. The trustee for the mortgagees placed the money with the Guarantee Loan & Trust Company of Helena to be paid out by it for the construction of the high school building and its equipment. Drafts on the Guaranty Loan & Trust Company were signed by the president and secretary of the school board, accompanied by a progressive estimate of the architect. The president and secretary of the school board signed the deed of trust and the bond and coupons. They had no further connection with the receiving or paying out of the money than as stated. The semi-annual interest was paid by segregating it from the general revenues of the school district, received from the State aid and taxes raised by the levy of five mills. This was done throughout the life of the bonds and was kept in the treasury to be known as the "building fund." All the money to pay

interest was to be raised by taxing the property in the Helena Special School District No. 1. The Guaranty Loan & Trust Company held the money, $100,000, as the property of the Helena Special School District and paid it out on the order of the board of directors, signed by the president and secretary. The fund of $100,000 was exclusively the result of the mortgage or deed of trust made on the school property, and not received from any other source. It was acquired by the appellant under the authority of the general law of the State, pertaining to special school districts, authorizing them to borrow money and mortgage their property for the purpose of securing funds to build and equip school buildings.

The appellee as treasurer had paid out of the school funds of the Helena Special School District $2,750 as semi-annual interest on the $100,000, on warrants of the secretary of the district, drawn on him as county treasurer out of the funds in his hands as treasurer of the Special School District No. 1. He got the commission on the money paid out as interest and on all moneys of the Helena Special School District No. 1 that had come into his hands.

Appellee demanded of the directors of the special district that the sum of $100,000, borrowed, pass through his hands, but the directors refused and the appellee brought this suit to recover the commission on said sum of money. The court, upon the above facts, directed a verdict in favor of the appellee and appellant duly prosecuted this appeal.

*Fink & Dinning* and *Moore, Vineyard & Satterfield,* for appellant.

A sum of money acquired by a special school district through the sale of bonds for the purpose of acquiring a fund to erect a high school building is a special fund which is no part of the common school fund within the meaning and contemplation of the law, and the county treasurer is not entitled to commission thereon. Art. 7, § 46, Constitution; Kirby's Dig., § 7486; Webster's

Dict., "Revenue;" Worcester's Dict., "Revenue;" 47
Ark. 448; 29 Ark. Law Rep. 298; 80 Ark. 62.

*P. R. Andrews,* for appellee.

The county treasurer is entitled to a commission of
not more than two per cent "on the aggregate amount
of all school funds * * * coming into his hands in any one
year." Kirby's Dig., § 3509. Conceding that the fund
in question is a special fund, it is nevertheless a part of
"all the school funds of the county," and the county
treasurer, the banker for the various school districts
thereof, is entitled to have custody of the fund and to
have his commission thereon. 80 Ark. 62. The above
statute provides against double commissions.

SMITH, J., (after stating the facts). Article 7,
§ 46, of the Constitution provides: "That the quali-
fied electors of each county shall elect one treasurer, who
shall be *ex-officio* treasurer of the common school funds
of the county." Section 3509 of Kirby's Digest pro-
vides: "He (the treasurer) shall be allowed as com-
missions on the aggregate amount of all school funds of
the county that come into his hands in any one year, the
rate of two per cent and no more, provided that if any
county treasurer shall have taken commissions from any
part of the school funds, the same shall not be subject to
the commission in the hands of his successors in office."
Appellee contends that he is entitled to the commission
sued for under the Constitution and statute above quoted.
"The common school fund of each county" and "all
school funds of the county" as used in the Constitution
and statute quoted mean funds raised by the annual levy
and collection of the taxes for school purposes and other
sources such as that prescribed by section 7486 of
Kirby's Digest. The Constitution and laws provide for
State taxes which shall not exceed three mills on the dol-
lar and for a *per capita* tax of one dollar, and also for
school district taxes not to exceed seven mills on the dol-
lar. Section 7486 of Kirby's Digest provides for com-
mon school funds derived from certain other sources.
These funds together with the funds raised by annual

taxation under the Constitution and laws, constitute the "common school funds of each county," referred to under the constitutional provision and statute, *supra,* under which appellee claims. But the special funds obtained by mortgaging the property of the special free school district for the purpose of erecting and equipping a school building under the authority of section 7696 of Kirby's Digest are not a part of the common school fund or the school funds of each county, in the sense that these terms are used in the Constitution and statute, under which appellee claims. The funds obtained for the special purpose named and in the manner named in the statute are not realized from the taxes or from the other sources by which the common school funds of the county are raised. They are not, as stated, a part of the "common school funds," or "the school funds" of each county, but belong to the special school district raising them in a special manner for the special purposes designated. See *Honey* v. *Greene County,* 102 Ark. 106. There must be some specific statutory authority for the allowance of the commission or fee to an officer. See *Honey* v. *Greene County, supra.*

The appellee admits that he had received his commission on all moneys paid out as interest and all moneys of the Helena Special School District No. 1, which had come into his hands. The treasurer being entitled to and allowed commissions on the funds raised by taxation, set apart for the purpose of paying the interest and principal of the bonds as this sum passed through his hands, can not be allowed, in addition to this, a commission on the principal of $100,000, obtained by mortgaging property. To allow a commission on the latter sum would be to give him double commissions. This is not contemplated. The judgment, therefore, is reversed and the cause dismissed.