(67 South. 348)

No. 21004.

STATE v. GASPAR.

(Jan. 25, 1915.)

*(Syllabus by the Court.)*

1. STATUTES ⬅109, 110½—RE-ENACTMENT—TITLE—SUFFICIENCY.

The title of an act which provides for the re-enactment and amendment of a named section of a prior act is sufficient when the amendment is germane to the subject covered in the original section.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 136–139, 161, 162, 163; Dec. Dig. ⬅109, 110½.]

2. GAME ⬅4—GAME LAW—VALIDITY—CONFLICTS.

A section of an act which gives to sportsmen the right to hunt game between November 1st and February 15th does not conflict with or destroy another section which gives to dealers the right to sell game between December 15th and February 15th.

[Ed. Note.—For other cases, see Game, Cent. Dig. § 3; Dec. Dig. ⬅4.]

Appeal from Criminal District Court, Parish of Orleans; A. C. O'Donnell, Judge.

A demurrer to an affidavit charging William Gaspar with selling river ducks during the closed season was sustained, and the state appeals. Reversed, and affidavit reinstated.

R. G. Pleasant, Atty. Gen., Harry Gamble, Asst. Atty. Gen., and Chandler C. Luzenberg, Dist. Atty., and J. Arthur Charbonnet, Asst. Dist. Atty., both of New Orleans (John Dymond, Jr., P. S. Benedict, and A. Giffen Levy, all of New Orleans, of counsel), for the State. Henriques & Otero, of New Orleans, for defendant.

SOMMERVILLE, J. Defendant demurred to an affidavit charging him with selling river ducks during the closed season, on the grounds that sections 13 and 16 of Act 204 of 1912, as amended by sections 8 and 11 of Act 47 of 1914, are violative of article 31 of the state Constitution; and that sections 8 and 11 are in conflict and destructive of one another.

The second ground of the demurrer was sustained, and the state has appealed.

The court says that sections 8 and 11 are in conflict with one another, destructive of each other, and are therefore unconstitutional. This is error. The conflict of sections or of statutes does not render them unconstitutional. No provision of the Constitution is violated by the General Assembly when it adopts acts which cannot be harmonized, or when the later enactment repeals the former expressly or by implication.

[1] Defendant argues that section 11 of

Act 47 of 1914, p. 114, is violative of article 31 of the Constitution, in that it is not covered by the title, which provides that it is "an act to amend and re-enact sections * * * 16 * * * of Act 204" of 1912.

Section 16 provided:

"That it shall be unlawful for any person, firm or corporation, to sell, offer for sale, or have in possession for sale, any game birds protected by law except wild sea and river ducks, coots or poule d'eau, snipe, geese, brant and rail."

It is re-enacted in its entirety; and it is amended by adding that dealers may sell wild sea and river ducks, coots or poule d'eau, snipe, geese, brant, and rail between December 15th and February 15th. It is further amended by providing a penalty; and, again, by adding:

"Any birds so sold, held in possession, or offered for sale contrary to the provisions of this section shall be confiscated by the conservation commission of Louisiana."

It is contended that this last sentence is not covered by the title, which reads that the act is to amend section 16 of the former act.

The matters are germane; and it was clearly permissible to amend the former section of the law, which forbade the having in possession of certain game birds, by providing what disposition should be made of them when found in the possession of any one.

The ruling of the trial court was correct on this point.

[2] Defendant argues that sections 8 and 11 of Act 47, 1914, pp. 113 and 114, are in conflict, and destructive of each other.

Section 8 is prohibitive in its scope. It forbids all persons to have game birds in possession from February 15th until November 1st of each year. That is the closed season to sportsmen and to dealers. While section 11 permits dealers to sell wild sea and river ducks, coots or poule d'eau, brant, and rail between December 15th and February 15th. There is no conflict between the sections.

Sportsmen may hunt game birds and have them in possession, but not for sale, between November 1st and February 15th, under section 8; while dealers may hunt game birds and offer them for sale only between December 15th and February 15th under section 11.

It is ordered, adjudged, and decreed that the judgment appealed from be reversed; that the affidavit against accused be reinstated; and that the trial be proceeded with in accordance with law.