LOUIS F. SIRGO, SR.

 VS. No. 7527.

BOARD OF TRUSTEES OF THE

FIREMEN'S PENSION AND RELIEF

FUND OF THE NEW ORLEANS

FIRE DEPARTMENT.

April 24th, 1919.

CHARLES F. CLAIBORNE, JUDGE.

This case presents a contest between the widow of a deceased fireman on the one hand, and the beneficiary constituted by the deceased on the other hand, for a death benefit under Act 43 of 1902 p. 51 as amended by Act 27 of 1914 p. 85.

Louis F. Sirgo, Sr. alleges that Joseph Escobedo, his uncle, was a member of the New Orleans Fire Department at the date of his death on February 9th, 1917; that under the Acts above mentioned creating the Firemen's Pension and Relief Fund each member of the Fire Department is authorized to designate a beneficiary to whom $1000.00 shall be paid upon the death of the member, as a death benefit; that the deceased member Joseph Escobedo filed on May 16th, 1916 with the Board of Trustees of the Fund, on a form furnished by said Board, his death benefit, by which he made petitioner his beneficiary; that the Board refuses to pay petitioner $1000.00 which he asks that the Board be condemned to pay to him.

The defendant Board admitted all the allegations of the petition, but denied that petitioner was a nephew of Escobedo, or that Escobedo *had a right* to designate a beneficiary to whom $1000.00 is to be paid, at the time of the death of the said member, as a death benefit"; that under the acts above mentioned creating the Board it was its duty to appropriate from the funds of the Board the sum of $1000 to be paid to the beneficiary designated by the Section 21 of Act 43 of 1902 as amended by Act 27 of 1914; that the Widow of Joseph Escobedo is also claiming from the Board the aforesaid sum of $1000.00, and has advised said Board that she will institute legal proceedings for the recov-

ery of the same; therefore the Board deposited the sum of $1000.00 in the Registry of the Court for such disposition as the Court may deem legal, and prayed that Widow Escobedo be made a party to this suit.

Widow Escobedo filed her answer, and denied ~~that~~ *that* any designation of beneficiary other than the wife or minor children or dependent mother of the fireman could legally be made; she specially denied that the petitioner Sirgo, had any legal right to said death benefit, and averred that his designation as beneficiary was null and void, because he was neither the wife, nor the child, nor dependent mother of the deceased; she averred that Escobedo left no children and that therefore as his widow, she is entitled to the death benefit of $1000.00 arising from the death of her husband under section 22 of the Act of 1902 and section 21 of the Act of 1914; she further averred that in the event the Court was of opinion that under section 22 of the Act of 1914 a person other than a surviving widow, minor children or dependent mother could be made beneficiary, that according to the title of the Act of 1902 and according to the terms of the act and more particularly section 22 all benefits went to the fireman while alive, and after his death to his wife, children and mother; that the title of the Act of 1914 makes no reference to the fact that said benefits could be made payable to others and even to strangers in no wise dependent upon said fireman; and that if section 22 of the Act of 1914 can be construed so as to allow the deceased to designate as his beneficiary the plaintiff Sirgo, then said section 22 is unconstitutional, null and void, as violative of Article 31 of the Constitutions of 1898 and 1913, because no reference is made in said titles to the allowance of benefits to be made to such persons not dependant upon the fireman, either in the Act of 1902 or in the Act of 1914; she further avers that if the Court holds that the object is expressed in the Act of 1914, then the said act is unconstitutional because the title then embraces two objects, namely: The creation of a mutual benefit association and a life insurance company, which is also in violation of Article 31 of the Constitutions of 1898 and 1913.

It was admitted that Sirgo was a nephew of Joseph Escobedo;

that he was duly designated on the regular form of the Fire
Department as his beneficiary; that Mrs. Escobedo is his widow,
and that she is still unmarried; that she and her husband did
not live together for about twenty years although not legally
separated, and that she was a good woman; that Joseph Escobedo
died without leaving any children or mother.

There was judgment in favor of Widow Escobedo decree-
ing her entitled to the $1000.00, and against Sirgo, rejecting
his demand. He has appealed.

The first question presented is whether the Act of 1902
or the Act of 1914 amendatory thereto designate and fix the ben-
eficiaries, or whether the fireman has a right himself to desig-
nate the beneficiary.

The title of Act 43 of 1902 p. 51 reads:

"An act creating a Board of Trustees of the Fire-
men's Pension and Relief Fund for the City of New
Orleans; providing for the pensioning of disabled fire-
men, and the widows or minor children or widowed mothers
of deceased firemen; authorizing the retirement from
service, and relieving and pensioning members of the
fire department; providing for the raising of funds".
Section 1 provides:

"That the City of New Orleans having a paid fire de-
partment, one (1) per centum of all revenues collected
or received by said city from licenses issued by said
city, shall be set apart by the treasurer of said city
to whom the same shall be paid, as a fund for the pen-
sioning of disabled and superannuated members of the
fire department, and of the widows and orphans of de-
ceased members of the fire department, or of dependent
mothers of deceased members of the fire department, and
to relieve said members in case of temporary disablement".
Section 2 designates the persons who shall compose the
"Board of Trustees of the Firemen's Pension and Relief Fund".
Section 3:

"That the said board shall have exclusive control and
management of the fund mentioned in the first section
of this act, and of all money donated, paid or assesed

for the relief, or pensioning of disabled superannuated and retired members of the fire department, their widows and minor children, or widowed mother" &c &c.

Section 4 prescribes the duties of the City Treasurer in relation to funds paid by insurance companies.

Section 5 dedicates to this Fund all forfeitures and fines imposed by the Board of Fire Commissioners.

Section 6 dedicates to this fund all proceeds of sale of the personal property of the said Fire Department.

Section 7 dedicates to this fund all donations to the Fire Department, - and provides for the accumulation of $200,000.00.

Section 8 authorizes the Board to invest this fund.

Section 9 dedicates the interest of said fund "to the payment of pensions and relief under this act".

Section 10 directs the manner in which the money of the Fund shall be paid out.

Section 11 provides for the payment of a sum of money to a disabled or retired fireman.

Section 12 provides for the payment, in case of death of the fireman, of a sum of money to his widow and minor children, and in default of these, to his widowed mother.

Section 13 provides for partial payments in case the Fund is insufficient.

Section 14 provides for the payment to a retired fireman.

Section 15 directs the keeping of records of retired firemen and the action of the Board regarding them. It further provides:

". . . When the widow or children or widowed mother or either of them shall be entitled to a pension as provided by this act, such widow or children or widowed mother shall make application to the Board of Trustees through the secretary of such board, on a form to be provided by the Board of Trustees. Accompanying such application shall be the proof of the marriage of the deceased to the widow claimant such proof to be established by the marriage certificate or other competent

evidence. Proofs of births of the children shall be shown by the baptismal or the Board of Health certificates. The proof of a widowhood of a mother shall be shown by the affidavit of such mother or disinterested persons". &c &c

Section 16 provides for the selection of a bank in which the money of the Fund shall be deposited.

Section 17 directs the Board to make an annual report to the City Council.

Section 18 exempts this fund from seizure under any writ or judgment

". . . against any member, or his said widow, or the guardian of said minor child or children, of any deceased member, or any dependent mother of any deceased member; but the said fund shall be sacredly held, kept, secured and distributed for the purpose of ·pensioning the persons named in this act, and for no other person whatsoever".

Section 19 prescribes the duties of the Treasurer of the Board.

Section 20 amalgamates the Relief Associations and ·funds of the old fire department with the Board created by this act.

Section ·21 reads ·as follows:

"That whenever an active or retired fireman shall die or be killed the Board of Trustees shall appropriate from the funds the sum of five hundred dollars to be paid to the beneficiary upon a certificate signed by the Department Physician, Chief Engineer and Chairman of the Relief Committee who shall state thereon the name of the deceased, the beneficiary, the cause of death and other necessary information.

Section 22 requires every fireman to ". . . file with the Secretary the names (of those) to whom death benefits are to be paid and the relations of the donor to donee existing".

Section 23 provides for the merging of the old "Mutual Benefit and Relief Fund" into the Fireman's Pension and Relief Fund" whenever the Fund shall have attained $50,000.00.

It is therefore made evident by the title and body of this act that the object and purpose of the Act 43 of 1902 was to create a "Pension and Relief Fund"; and that the persons to be bendfited by the Act were "Firemen", and, at their death, their widow and children, and in default of these their widowed mother.

Sections 1, and 3, and 18 fix and designate, exclusively of any other, the beneficiaries of this Fund, and restrict them to the firemen themselves, and to their widow and children or to their widowed mother.

Sections 11 and 14 fix the sum of money to be paid monthly or annually to the disabled or retired fireman, during his life.

Section 12 fixes the sum to be paid, monthly in case of death of the fireman, to his widow and children under 14, and in their default to his widowed mother.

These sums of money in favor of the fireman, or their widow and children, or mother, payable to them monthly or annually, might be classed under the title and provisions of the act as a "pension".

Abbott's Law Dictionary describes a "pension" as "a periodical allowance of money, especially one made by government in consideration of past services". Also Century Dictionary.

But section 21 departs from the creation of a "pension" in its strict sense and directs the immediate payment, in bulk, of the sum of $500 to the beneficiary of the fireman. This gratuity comes more strictly and according to "most usual signification" under the title of "Relief", or "death benefit".

Section 22 reads thus:

"That every member of the department must file with the Secretary the name or names to whom death benefits are to be paid, and relations of the donor to donee existing".

Controlled by other sections of the act, this section 22 must be interpreted as restricting the right of the fireman to "file with the Secretary of the Board the names of those to whom the death benefits are to be paid", only to such persons who are entitled, by the letter of the law, to the benefits of the act,

371

that is, the widow and children or mother of the deceased fire-
man, giving the relation which the fireman donor bears to the
beneficiary donee, whether it be widow , child, or mother.

It would seem, however, that the revenues of·the Fund
were not sufficient to meet the benevolent purposes of the Act
of 1902. By Act 17 of 1904 p. 20, section 22 of the act of 1902
was amended. The last sentence of the section, as amended reads
as follows:

". . . On the death of a member an assessment of one
dollar ($1.00) shall be levied upon each member of the
fire department, whenever payments are to be met for
a death benefit".

This amendment emphasizes the fact that the object of
the Act of 1902 was not only to create a "Pension" but also a
"Relief" or "death benefit".

The Act 152 of 1912 p. 218 amends section 2 of the Act
of 1902 constituting the membership of the Board.

Act 27 of 1914 p. 85 makes further and material amend-
ments to the Act of 1902.

Its title reads:

"An Act to amend and re-enact the title and Sections 1,
2, 3, 5, 7, 9, 12, 14, 18, 21, and 22, and to repeal
Section 4, of Act No. 43 of the General Assembly of the
State of Louisiana, Session of 1902, entitled "An Act
creating a Board of Trustees of the Firemen's Pension
and Relief Fund for the City of New Orleans; providing
for the pensioning of disabled firemen, and the widow or
minor children or widowed mothers of deceased firemen,
authorizing the retirement from service, and relieving
and pensioning members of the fire department; providing
for the raising of funds".

We have seen that the Sections 1, and 3, and 18 were
those which fixed and designated the persons who might become
beneficiaries under the Act of 1902.
*of the act of 1914*
Section 1 reads:

"That the Title of Act 43 of the General Assembly of
the State of Louisiana, Session of 1902, be and the same

372

is hereby amended and re-enacted so as to read as follows, to-wit:-

"An act creating a Board of Trustees of the Firemen's Pension and Relief Fund for the City of New Orleans; providing for the pensioning of disabled firemen, and of widow and minor children, and widowed mothers of deceased firemen; authorizing the retirement from service, and relieving and pensioning members of the fire department; and providing for the raising of funds and for the payment of death benefits".

Section 2:

"That Section 1 of Act No. 43 of the General Assembly of the State of Louisiana, Session of 1902, be and the same is hereby amended and re-enacted so as to read as follows, to-wit:

Section 1. Be it enacted by the General Assembly of the State of Louisiana, That the City of New Orleans having a paid fire department, and one (1) per centum of all revenuescollected and received by said city from licenses issued by said city, shall be set apart by the treasurer of said city to whom the same shall be paid, as a fund for the pensioning of disabled and superannuated members of the fire department, for the relief of said members in case of temporary disablement, <u>for the payment of death benefits to beneficiaries of deceased members of the fire department,</u> and for the pensioning of widows and children and dependent mothers of members of the fire department who, while responding to an alarm of fire or while working at or returning from a fire, shall be killed or shall receive injuries which shall result in the death of the injured fireman within six months from the time the said injuries are sustained".

The difference made by the amendment was adding to the Act of 1902 the words:.

". . . for the payment of death benefits to the beneficiaries of deceased members of the fire department".

Section 2 amends the composition of the Board.

Section 3 reads:

373

■■■■■

"That the said Board shall have exclusive control and management of the fund mentioned in the first section of this act, and of all money donated, paid or assessed for the relief or pensioning of disabled superannuated and retired members of the fire department, their widows and minor children, or widowed mothers, and for the payment of death benefits, and shall assess each member of the fire force"&c.

Section 3 of the Act of 1902 was thus amended by adding the words:

". . . and for the payment of death benefits".

Section 12 was amended by adding the words:

". . . provided, the combined pension shall not exceed one-half the monthly salary of the deceased member at the time of his death; and further, that the said pension shall not operate as a bar to the payment of any death benefits otherwise provided in this act".

Section 14 was amended by adding the words:

". . . and provided, further, that after twenty-five years of continuous service a member shall not be deprived of his pension rights or death benefits".

Section 18 was amended by adding to the act of 1902, after the words:

". . . for the purpose of pensioning the persons named in this act"

the following words:

". . . and for the payment of death benefits".

Section 21 increases the death benefit from $500 to $1000.

Section 22 is made to read as follows:

"That every member of the department must file with the secretary the name or names of the person or persons to whom death benefits are to be paid, and the relation of the donor to the donee existing, if any".

The provisions of the Act of 1914 make it clear that the legislators intended that the two classes of benefits established by the Act of 1902 and accentuated by the Act of 1914, namely, the pension and the relief or death benefit, should be controlled

374

by different rules. The persons who alone could become entitled
to the pension or death benefit were designated by the Act of
1902; the fireman had no voice in their selction. But it was
otherwise under the act of 1914. While the persons entitled to
a pension were still immutably designated and fixed by the Act of
1914, that act made it optional with the fireman to designate his
beneficiary, - ~~thus that~~ the pensioner might be one person and the
beneficiary another.

Section 2 of the Act of 1914 extends the purposes of this
fund, from the widow and children or mother under the Act of 1902,
and creates another class

". . . for the payment of death benefits to benefici-
aries of deceased members of the fire department".

Section 4 of the same act also speaks of the additional
class of beneficiaries

". . . and for the payment of death benefits".

While section 18 of the Act of 1902 provides that said
fund should be sacredly kept for pensioning the persons named in
said act, and for no other person whatsoever, the Act of 1914,
section 18, amends the Act of 1902 by saying:

". . . for the purpose of pensioning the persons named
in this act, and for the payment of death benefits and
for no other purpose whatsoever".

The Act of 1914 does not say to whom this death benefit
shall go. But Section 22. clearly indicates that the choice of
this beneficiary shall be left to the fireman himself, It says:

"Every member of the department must file with the
secretary the name or names of the person or persons to
whom death benefits are to be paid, and the relation of
the donor to the donee existing, if any".

Section 21 reads:

"That whenever an active or retired fireman shall die
or be killed the Board of Truxtees shall appropriate
from the flund the sum of one thousand dollars ($1000.00),
to be paid to the beneficiary upon a certificate signed
by the department physician, Chief Engineer and Chairman
of the Relief Committee, which certificate shall state the

.375

name of the deceased, the name of the beneficiary, the cause of death, and other necessary information".

Under section 22 of the Act of 1902 the fireman on filing with the secretary the name of those to whom the death benefits were to be paid, was under obligation to state"the relation of the donor the the donee existing", whether wife, child, or mother; under the amendment of 1914, he is only obliged to state the relation, "if any".

The fireman "must" file the name of the *his* beneficiary and the Board shall appropriate $1000 to be paid to that beneficiary.

There is no restriction imposed upon the fireman, by the letter of the law, *act of 1914* as to the person he must select as his beneficiary; and we can discover none in the spirit of the law.

If it had been the intention of the legislature that the party entitled to the pension should also receive the death benefit, it would have said so in so many words.

This act seems to have been so interpreted and understood by the Board administering the Fund, since they allowed the deceased Joseph Escobedo to file with the secretary the name of his beneficiary Louis F. Sirgo, who was certainly neither his wife, nor his child, nor his mother. It has been stated in argument and not contradicted that there are several other cases similar to this one upon the books of the Board of the Firemen's Fund. There is an admission of record "that the plaintiff Sirgo, Sr. was duly designated on the regular form of the Fire Department as his beneficiary."

We are very much impressed with the belief that one of the main causes of the amendment of 1914 was to permit the fireman to dispose of the death benefit in favor of whom *soever* he might please. It might well happen that he had neither wife, nor child, nor mother; and yet that some one was ministering to his intellectual and physical wants, whom he felt he had the right, in common with others, to designate as his beneficiary as a reward for services rendered.

The contention that the Acts of 1902 and 1914 contain two objects, one a Mutual Benefit Society and the other a Life Insurance Company, and therefore void as violative of article 31 of the

376

Constitution of the State is without force. It is equivalent
to saying that in order to carry out its purposes the Legisla-
ture should have passed two acts, one providing for the Pensions
and Relief to the fireman during his life, and the other estab-
lishing Pensions and Relief, *or benefits,* after his death, to *the* his beneficiaries
designated by law or by him. We do not think so. The act con-
tains only one great and benevolent object, the creation of a
"Firemen's Pension and Relief Fund"; all the details and ramifica-
tions of the act, how the fund shall be created, who shall admin-
ister it, who shall be benefitted by it, and to what extent, and
when, are necessary and cognate elements of the single object.

The plea that the object of the act is not expressed in
the title appears to us also without merit. As far as the Act
of 1902 is concerned the object is fully and in detail expressed,
under our construction of the act, that no part of it provides
for a Pension or Relief in favor of any one except the widow and
minor children and widowed mother, of the fireman. 7 Ct. App.,
306 and authorithies quoted; 136 La., 746 (749).

The Act of 1914, as construed by us, purported as one of
its objects, to abolish the restriction of the Act of 1902, as
far as the death benefit exclusively in favor of the widow and
children and mother was concerned, and to permit the fireman to
select and name any beneficiary he pleased whether related to him
or not.

The object of that Act of 1914 is fully expressed in the
title. It reads in part:

"An act, To amend and reenact the title and sections
. . 21 . . . of Act 43 of the General Assembly of the State
of Louisiana, Session of 1902, entitled "An act &c".

It was not necessary that the title of that amendatory
act should state in what manner the act was amended; any amend-
ment, germane to the act was permissable. 38 A., 626. We have
already stated as our opinion that the exclusive death benefit
provision under section 21 of the Act of 1902 in favor of the wi-
dow and children or mother was valid. It was only one step fur-
ther, by amendment, to enlarge the purposes of that section and
to extend it to a beneficiary to be named by the fireman. 'It was

not necessary to express that object in the title. The declaration in the title that the object of the act was to amend section 21 was a sufficient expression of the object of the act to make any cognate and germane amendment valid.

In Lafon vs. Dufrocq, 9 A., 350, the Court said:

"The act of the Legislature entitled "an act to amend the several acts relative to the police and government of the Town of Baton Rouge" is a substantial comp pliance with the 118th. Article of the Constitution which declares that every law enacted by the Legislature shall embrace but one object, and that shall be embraced in the title". 11 A., 54.

The title of an act which states the object to be to amend and re-enact particular sections of the Revised Statutes, or Articles of the Civil Code, or Code of Practice, or a designated act, or specified section thereof, sufficiently expresses its object in the title within constitutional requirements, without stating the nature of the amendment when the amendment is germane to the subject covered in the original section. 29 A., 637; 30 A., 657; 41 A., 771; 49 A., 1535; 50 A., 21; 124 La., 420, 630; 131 La., 611; 813; 38 A., 626; 119 La., 189; 136 La., 509, 747; 135 La., 691, 1089; 106 La., 553; 43 L. R. A., N. S., 954; 104 S. W., 460.

It is therefore ordered that the judgment herein be reversed and annulled; and that the plaintiff Louis F. Sirgo, Sr. be recognized as the beneficiary of the late Joseph Escobedo and as such entitled to the one thousand dollars death benefit; and that Thomas Connell, Clerk, be authorized and directed to pay to him the aforesaid sum of one thousand dollars and all interest accrued thereon deposited with him in this case by the Board of Trustees of the Firemen's Pension and Relief Fund for the City of New Orleans;

It is further ordered that Widow Joseph Escobedo pay all costs in both Courts.

April 24th, 1919.