The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion on the following questions:
 1. What procedure must the Department of Finance and Administration follow to implement and administer a `direct deposit' system?
 2. Is it constitutionally sound and/or statutorily correct for the Department of Finance and Administration to make a direct deposit of school funds to a school district treasurer instead of making the deposit to the county treasurer?
While it is my opinion that a provision for the direct deposit of state-appropriated public school funds to the school districts would in all likelihood be constitutionally sound, I believe that legislation will be necessary in order to effect such a program. My review has failed to yield authority under current law for the implementation of such a procedure.
A review of the various Code provisions governing school finances compels the conclusion that funds appropriated by the state for the benefit of the public schools are generally intended to be deposited with the county treasurer, for allocation to the districts by the county boards of education. See, e.g.,
A.C.A. §§ 6-20-201, -204, -208 and -216 (1987) (regarding apportionment of public schools funds to the counties) and A.C.A. §§ 6-20-215 and -220 (1987) (regarding composition of general school fund of the county, to include, inter alia, "money received from the Public School Fund of the state," and county treasurer's certified statement showing "the amount of public school funds received by him"). It is significant to note in this regard that the legislature has provided for the district disbursement of federal school lunch program funds to the districts, upon receipt of proper claims prescribed by the State Board of Education. A.C.A. § 6-20-703 (1987). My research has not yielded a similar disbursement method for state-appropriated school funds. I am thus inclined to conclude that the legislature could easily have provided for this type of "direct deposit" system had it so intended.
The conclusion that legislative action will be necessary in order to implement such a system is buttressed by A.C.A. § 6-13-702
(Cum. Supp. 1991), which states in relevant part that in districts governed by that Code Section:
 "[a]ll taxes and revenues of the district, except activity funds and school food service funds, shall be turned over to the county treasurer by the collector or other agencies, who shall immediately pay over the funds to the school district treasurer in those districts maintaining a school district treasurer.
A.C.A. § 6-13-702)d) (1) (Cum. Supp. 1991) (emphasis added).
The above section of the Code applies in school districts with more than 5,500 students and an annual budget exceeding $250,000.00. Arkansas Code Annotated § 6-13-701 (Cum. Supp. 1991) similarly authorizes the appointment of a school district treasurer in districts with an annual income of at least $75,000.00, if the district is in a county where the county treasurer receives a fixed salary for his services. A.C.A. §6-13-701(a) and (b) (Cum. Supp. 1991). Prior to 1987, this section contained a provision similar to § 6-13-702(d)(1), stating that the taxes and revenues of the district shall be turned over to the county treasurer, to be immediately paid over to the school district treasurer. See A.C.A. § 6-13-701(e)(1) (1987). While one might contend that there is no longer a requirement that the revenues of such a district, including state-appropriated funds, be deposited first with the county treasurer, a review of the various Code sections (see discussion above) dealing generally with school finances belies that assertion. And § 6-13-701 (Cum. Supp. 1991) must, in my opinion, be read together with these other provisions.
With regard to the constitutionality of such a deposit system, consideration must be given to Article 7, Section 46 of the Arkansas Constitution, wherein it states that the qualified electors of each county shall elect a treasurer ". . . who shall be ex-officio treasurer of the common school fund of the county. . . ." The question arises whether a system providing for the deposit of state school monies directly to a district would be contrary to this constitutional provision.
It is my opinion that a court would, as a general matter, in all likelihood resolve this question in favor of the constitutionality of such an enactment. There are no reported decisions addressing this precise question. The Arkansas Supreme Court has noted, however, with regard to the legislature's duty to provide by general law for the support of common schools (Ark. Const. art. 14, § 3) that the court "has always recognized" the legislature's "full and complete power in the matter except as restricted by the Constitution." Special School District No. 60v. Special School District No. 2, 181 Ark. 253, 257,25 S.W.2d 443 (1930). I do not believe, in light of this vesting of "complete power," that Art. 7, § 46 would be deemed to restrict the legislature's authority to provide for the direct deposit of state-appropriated funds to the districts. This conclusion is suggested by the general precept that our state constitution is not a grant, but a limitation of power (Black v. Cockrill,239 Ark. 367, 389 S.W.2d 881 (1965)), and by the case of Dickinsonv. Edmondson, 120 Ark. 80, 178 S.W. 930 (1915), wherein the Arkansas Supreme Court stated, with regard to state school funds, that:
 [t]here is no limitation upon the power of the Legislature with respect to the manner of distributing or using the funds, except that it shall be for common school purposes. . . . The Legislature has, as already stated, the power to specify how the funds shall be used with the constitutional limitation that they be used for common school purposes. It can designate the functionaries through whom the funds may be distributed and can ascertain the basis upon which such distribution may be made. . . .
120 Ark. at 87.
It is thus clear that the court did not view Art. 7, § 46 (establishing the county treasurer as ex-officio treaasurer of the common school fund of the county) as a limitation on the legislature's authority to direct the manner and method by which "the common school fund of the state" (id. at 83) will be distributed. There is no constitutional requirement that state school funds be deposited in the county treasury. While it seems clear under current law that the county treasurer is considered the custodian of the funds (see discussion above, and see also generally School Dist. No. 1 v. Kitchens, 108 Ark. 137,156 S.W. 441 (1913)), it may reasonably be concluded that there is no constitutional impediment to the school districts' receipt of such funds directly from the state.
It is therefore my opinion that while the Arkansas Constitution is not an impediment, legislative action will be necessary in order to implement such a "direct deposit" system.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh