The Honorable Willie R. Hardy State Representative
518 Warner Street Camden, Arkansas 71701-4451 Dear Representative Hardy:
I am writing in response to your request for an opinion on whether A.C.A. § 6-13-629 (Repl. 2007) authorizes "school board members [to] claim per diem or mileage when performing other school board duties not listed in the statute, specifically check signing and attending school board meetings."
In my opinion, the statute was not intended, and would not be interpreted by a court, to authorize school boards to pay money other than in connection with the training and instruction requirements of the statute. Accordingly, the answer to your question, in my opinion, is "no." It is also my opinion that Arkansas law prohibits the payment of per diem
compensation to school board members other than as authorized in A.C.A. § 6-13-629, but that the law generally allows school boards to reimburse members for their expenses incurred in connection with their official duties.
The statute at issue requires members of local school boards to obtain annual training and instruction regarding schools and school boards; authorizes school boards to expend funds in connection with such training and instruction; and requires the State Board of Education to promulgate related rules. The part of the statute at issue in your request is codified as follows:
 Local school district boards of directors are authorized to pay per diem and other necessary expenses from funds belonging to the school district *Page 2 and to reimburse school board directors for expenses incurred in attending in-service workshops, conferences, and other courses of training and instruction required in completing the training and instruction as required in subsection (a) of this section.
A.C.A. § 6-13-629(b) (emphasis added).
If one were to examine only the first part of the language quoted above, i.e., the part ending with the words "the school district," one might conclude that the legislature intended to confer expansive authority on school boards to pay perdiem and expenses in general, including amounts not related to the training requirement of the statute. A more thorough examination, however, indicates otherwise.
As originally enacted by Act 767 of 1987, the provision at issue was as follows:
 Local school boards are hereby authorized to pay per diem and other necessary, [1] expenses from funds belonging to the school district, to reimburse school board members for expenses incurred in attending in-service work shops, conferences, and other courses of training and instruction required in completing a minimum of six hours of instruction as required in Section 1 of this Act.
Note that the occurrence of the word "and," italicized above in the quotation of the language of A.C.A. § 6-13-629(b), did not appear in Act 767.
As originally enacted, then, the provision stated that "boards are . . . authorized to pay per diem and other necessary[2] expenses . . ., to reimburse . . . members for expenses incurred in attending . . . courses of training. . . ." The original enactment could have been more artfully worded, but I believe it nevertheless clearly expresses a legislative intent to authorize school boards to payper diem and other *Page 3 
necessary expenses in order to reimburse board members for their expenses[3] incurred in satisfying the training requirement. It is my opinion, in other words, that Act 767 addressed a school board's authority to pay money only in connection with the training requirements established by Act 767.
An examination of the original codification of Act 767 indicates that the Arkansas Code Revision Commission (the "Commission") inserted the word "and," so that the provision read, "boards . . . are authorized to pay per diem and other necessary expenses . . .and to reimburse . . . directors for expenses incurred in attending . . . courses of training. . . ." See
A.C.A. § 6-13-629(b) (Cum. Supp. 1991) (emphasis added). As codified, with the insertion of the word "and," the provision can be interpreted, as noted above, to authorize school boards to pay "per diem and other necessary expenses" without limiting such payments to those related to the training requirements of Act 767.
Such an interpretation, in my opinion, arises from the Commission's insertion of the word "and," and fundamentally changes the meaning of the provision as originally enacted by the General Assembly. While the Commission may correct punctuation and grammatical errors, it has no power to "authorize any change in the substance or meaning of any provision of the Arkansas Code or any act of the General Assembly." A.C.A. § 1-2-303(d)(1) (Repl. 2008). In my opinion, a broad interpretation of Act 767, as amended, that relies on the word added by the Commission is not a valid interpretation and would not be adopted by a court.[4]
My answer to the question of whether the statute authorizes the payments referred to in your request would be the same, however, even if it were appropriate to take *Page 4 
into account the word "and." In determining the meaning of an enactment, courts give effect to the intent of the legislature by examining the entirety of the statute or act. See, e.g.,Thomas v. Cornell, 316 Ark. 366, 370, 872 S.W.2d 370 (1994). Particular statutory provisions are given their plain and ordinary meaning not in isolation but by reference to the whole.See, e.g., Flowers v. Norman Oaks Constr. Co.,341 Ark. 474, 17 S.W.3d 472 (2000); Fiser v. Clayton,221 Ark. 528, 254 S.W.2d 315 (1953).
In Robinson v. Taylor, 342 Ark. 459, 29 S.W.3d 691 (2000), the Supreme Court of Arkansas, citing Flowers for the proposition that a particular statutory provision must be construed with reference to the whole, minimized the significance of statutory language that could have been interpreted in isolation to compel a different result. In Sanders v. State,310 Ark. 630, 839 S.W.2d 518 (1992), the Court stated that a statute must be interpreted as a whole and held that one sentence was modified and limited by another sentence in the same statute, even though the sentence at issue, read in isolation, was self-contained and not limited. In Harber v. Shows,262 Ark. 161, 553 S.W.2d 282 (1977), the Court cited Fiser and held that the statutory language "any Arkansas statute or official regulation" refers to regulations of the State of Arkansas only.
Here, the source of A.C.A. § 6-13-629 was Act 767 of 1987. The act contains only two sections of substance, one imposing the training requirement and one, the provision addressed in this opinion, authorizing expenditures relating to the training requirement.[5]
Nothing in the Act suggests in any way that the General Assembly intended to address generally the authority of school boards to make expenditures in a broad context, rather than merely in connection with the narrow subject matter of the act, i.e., the required board member training.
Act 1775 of 2005 amended the statute to increase the number of hours of training required for newly-elected school board members, provide for the promulgation of rules by the State Board of Education, [6] and make other minor changes. The act contains two sections, one amending A.C.A. § 6-13-629 and one providing an effective date. Once again, the act addresses no broad topic other than training, *Page 5 
and contains no indication of a legislative intent to address a school board's general authority to spend money.
In my opinion, therefore, the legislature did not intend in Act 767 or Act 1775 to address school board expenditures other than those related to the training requirement. The phrase "per diem and other necessary expenses" is, in my view, modified and limited by the last part of A.C.A. § 6-13-629(b), referring to training, and the statute does not authorize school boards to pay per diem or mileage to members performing functions not referred to in the statute.
The question remains whether, independently of A.C.A. § 6-13-629, a school board may pay a member perdiem and/or mileage with respect to a member's performance of duties not referred to in the statute.
The Supreme Court of Arkansas recently discussed at length the provisions of the Arkansas constitution that limit school expenditures in general. See Gray v. Mitchell,373 Ark. 560, 285 S.W.3d 222 (2008). One provision states that "[n]o money or property belonging to the public school fund, or to this State, for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs." Ark. Const. art. 14, § 2. Another provides that amounts arising from the statewide uniform property tax "shall be used by the school districts solely for maintenance and operation of schools." Ark. Const. art. 14, § 3(b)(3). The Court interpreted these two provisions as being coextensive, and as limiting the expenditure of school funds to payments that are "both `immediately and directly connected with the establishment and maintenance of a common school system' and `absolutely necessary'[7] for the maintenance and operation of schools." Gray,373 Ark. at 569-570. The Court stated that it is for the school board to determine which expenditures are permissible and should be made, and that the Court's role "is merely to ensure that school money is not diverted to an unrelated purpose. . . ."Id. at 569.
The constitution also provides that "maintenance and operation," as that term is used in the constitutional provision quoted above, means "such expenses for the *Page 6 
general maintenance and operation of schools as may be defined bylaw." Ark. Const. art. 14, § 3(d) (emphasis added). Clearly, then, the General Assembly has constitutional authority to regulate the expenditure of school funds. The plaintiffs in Gray did not argue on appeal that the school board expenditure at issue was in violation of any statute limiting school expenditures. SeeGray, 373 Ark. at 568. Accordingly, in my opinion, nothing inGray should be read as questioning or limiting the General Assembly's power to restrict school funding beyond the limitations contained in the constitution. It is necessary, then, in attempting to answer the question at issue, to examine any relevant legislative enactments that might restrict a school board's power to pay perdiem and/or mileage, before undertaking an inquiry into whether the payments would be permissible under the constitution standing alone.
I know of no provision of the Arkansas Code that expressly addresses a school board's authority to pay per diem in any context other than with respect to member training. I am of the view, however, that the training statute, A.C.A. § 6-13-629, is relevant to the question, as follows:
It appears to be the general rule under the common law that school board members may not receive payment for their time or services absent an express provision of law providing for compensation.[8] See, e.g., Stone v. Towne,67 N.H. 113, 29 A. 637 (1892); Moore v. Indep. Dist. of ToledoCity, 55 Iowa 654, 8 N.W. 631 (1881); seegenerally 78 C.J.S. Schools andSchool Districts § 140; accord Helena SpecialSch. Dist. No. 1 v. Kitchens,108 Ark. 137, 156 S.W. 441 (1913) (public officer entitled to compensation for performance of official duties only as fixed and authorized by law); Op. Att'y Gen. 93-061 ("public official can only demand such compensation as the law has fixed and authorized for the performance of his official duties"; citing Kitchens);Crittenden County v. Crump,25 Ark. 235, 1868 WL 695 (1868) (public officer not entitled to compensation unless expressly provided for by statute). The General Assembly accordingly may have deemed it necessary and appropriate, in recognition of the general rule, to enact an express provision when it desired to authorize per diem payments in connection with *Page 7 
school board member training requirements; hence the enactment of A.C.A. § 6-13-629(b). With respect to other proposed perdiem payments, however, the general rule continues to apply, by negative implication. See generally Macsteel v. Arkansas OklahomaGas Corp., 363 Ark. 22, 210 S.W.3d 878 (2005); Gazaway v.Greene County Equalization Bd.,314 Ark. 569, 575, 864 S.W.2d 233 (1993) (setting forth the legal maxim expressio unius est exclusio alterius, meaning that the expression of one thing is the exclusion of the other).
It is my opinion, accordingly, that a court likely would conclude that Arkansas law prohibits school boards from paying perdiem compensation to board members other than for time spent complying with the training requirements of A.C.A. § 6-13-629.
Your question also concerns "mileage." In my view, mileage payments are clearly in the nature of reimbursement of out-of-pocket expenses actually incurred, albeit in a per-mile amount that only approximates, for the sake of convenience, the actual costs of travel. In my opinion, the authority of school boards in Arkansas to reimburse school board members for reasonable expenses incurred in good faith for the benefit of the district is fairly clear, and consistent with the common law general rule that no express provision of law is required to permit reimbursement of the expenses of public officials. See, e.g., Kiefer v. Troy Sch. Township ofPerry County, 102 Ind. 279, 1 N.E. 560 (1885); seegenerally 78 C.J.S. Schools andSchool Districts § 140. The Supreme Court of Arkansas has stated that reimbursement of public officials for "actual, reasonable and necessary expenses incurred in performing duties directly connected with, and incidental to, their official duties" is permissible even in the absence of a statute expressly authorizing such reimbursement. Thomas v. Williford,259 Ark. 354, 361, 534 S.W.2d 2 (1976); see also Op. Att'y Gen. 98-277. A provision of Act 1599 of 2001, establishing comprehensive ethics regulation in Arkansas public education, states that nothing therein "prevents board members . . . from being reimbursed by the [school district] for necessary and documented travel or other job-related expenses." A.C.A. § 6-24-108 (Repl. 2007). The legislation is consistent with the General Assembly's presumed understanding of the common law general rule stated above.
In my opinion, nothing in Arkansas law generally prohibits a school district's payment of mileage expense reimbursement to a school board member in connection with the member's performance of his or her duties as a member. Provided the constitutional standards set forth in Gray, in A.C.A. § 6-24-108, and *Page 8 
in the case law described herein are satisfied, a school board may pay such reimbursement. School boards may wish to consider the advisability of the adoption of written policies governing such payments.
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM:JMB/cyh
[1] This comma appeared in the original enactment and, in my opinion, was merely a typographical error and was properly omitted from the codification. See A.C.A. § 1-2-303(d)(1)(C) and (P) (Repl. 2008) (Arkansas Code Revision Commission empowered to "[c]orrect manifest typographical . . . errors" and "[c]orrect punctuation"); see also, e.g., Duty v. City of Rogers,255 Ark. 309, 500 S.W.2d 347 (1973) (courts disregard punctuation to give effect to legislative intent that is otherwise apparent).
[2] Superfluous comma omitted. See n. 1.
[3] The language used, which essentially characterizes perdiem as a "necessary expense," suggests that the legislature intended the payment at least in part as a replacement of wages or other pay foregone by a board member attending training (i.e., reimbursement), rather than strictly as compensation for time spent or services rendered. Nothing in this opinion is intended to suggest, however, that a board member must lose wages or otherwise forego income in order to be eligible to receive authorized per diem payments in connection with obtaining the training required by A.C.A. § 6-13-629.
[4] After the original codification of Act 767, the General Assembly adopted Act 1775 of 2005, which amended the law by adding to and deleting from the then-existing codification of Act 767, which appeared at A.C.A. § 6-13-629. As a result, the word "and" was included and was enacted into law as a part of Act 1775. In my view, such enactment of the word "and" was inadvertent and would not be given effect by a court. In a case indistinguishable with respect to this narrow issue, the Supreme Court of Arkansas declined to give effect to language inserted by the Commission and later enacted by the General Assembly, stating that "we cannot allow a drafting error or codification error to circumvent legislative intent." Citizens to Establish a Reform Party v. Priest,325 Ark. 257, 264, 926 S.W.2d 432 (1996) (citations omitted).
[5] A third section repeals laws in conflict with the Act.
[6] The State Board of Education has promulgated rules relating to A.C.A. § 6-13-629. See Ark. Reg. April 2006, p. 5, ADE 237: Rules Governing Required Training for School Board Members, Docket No. 005.23.06-002F. Nothing in the rules compels any particular answer to your question or is inconsistent with the conclusions I reach in this opinion.
[7] The Court stated that "absolutely necessary" is not intended to be limited to expenditures without which there could be no public schools, but rather means "that which is convenient, useful, appropriate, suitable, proper or conducive to the proper maintenance of the schools." Gray, 373 Ark. at 568-569. Further, the court quoted with approval an earlier case stating that "any use of school funds raised from taxation that results in benefits to school funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion." Id. at 569, quotingRainwater v. Hayes,244 Ark. 1191, 1195, 428 S.W.2d 254 (1968).
[8] I use the phrase per diem herein to describe a payment in the nature of compensation for time spent or services rendered, rather than one in the nature of reimbursement for expenses. I believe this meaning is the one most common when the phrase is used under Arkansas law. See, e.g., A.C.A. § 14-14-1205(a)(2) (Supp. 2009) (defining "[p]er diem compensation" as "a per calendar day allowance, exclusive of allowable expenses, . . . paid to a justice for attending meetings. . . ."); In re Rules, Minimum Continuing LegalEduc., 317 Ark. Appx. 659, 660 (1994) (members of Continuing Legal Education Board entitled to "per diem compensation" as well as "reasonable reimbursement for expenses"). *Page 1