DANIEL J. ELLSWORTH, PETITIONER FOR WRIT OF MANDAMUS,

*vs.*

MUNICIPAL OFFICERS OF THE CITY OF PORTLAND.

HARRY B. POWERS, PETITIONER, *vs.* SAME.

Cumberland.    Opinion, October 2, 1946.

*Berman, Berman & Wernick,* for petitioners.
*W. Mayo Payson,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FEL-
LOWS, JJ.

THAXTER, J. In each of these cases the petitioner, a police
captain of the City of Portland, was honorably discharged from
service as of May 1, 1946 and placed on the pension payroll at one
half his annual salary. Each claims that such action of the city
was without his consent and unlawful; and each has filed a peti-
tion for a writ of mandamus against the municipal officers of the
City of Portland asking that they show cause why their order
should not be expunged and the petitioner restored to his position
as a permanent member of the police force with the rank of cap-
tain. There were amendments to the pleadings, and the issue was
finally presented to the justice below by a demurrer to the return
to the alternative writ. This demurrer was sustained and the per-
emptory writ issued. To this ruling and to the issuance of the
peremptory writ the defendants have filed exceptions, which,
in accordance with the provisions of R. S. 1944, Chap. 116, Sec.
18, were certified to the Chief Justice and are now before us.

The defendants in their returns claim that their action was au-
thorized under the provisions of a municipal ordinance approved
July 18, 1927 which was enacted under authority of Priv. & Sp.
Laws 1927, Chap. 75. As the ordinance follows the wording of the
legislative act, we need determine only the proper interpretation
of that act. The essential part of this reads as follows:

"Sec. 1. *Retirement pensions for police department pro-
vided for; conditions.* The city of Portland is authorized to
provide, by ordinance, for the retirement, upon pension not
exceeding half pay, of all the members of its police force, in-
cluding the chief of police, captains, lieutenants, sergeants,
and patrolmen, who have been honorably discharged from
the police force by reason of,—

"First: Having served on said police force not less than
twenty-five consecutive years, or

"Second: Having served on the police force not less than twenty consecutive years and having reached the age of sixty-five years, or

"Third: Having been permanently disabled in the performance of duty."

This act was amended in 1929 and in 1933, Priv. & Sp. Laws 1929, Chap. 28, Priv. & Sp. Laws 1933, Chap. 28. Such amendments, however, in no way modified the provisions with which we are here concerned and the new ordinances passed pursuant to such amending acts made no change in the provisions of the 1927 ordinance with which we are dealing.

The question before us is whether the 1927 legislative act empowered the City of Portland to retire on half pay without their consent these two members of its police force, Captain Ellsworth having served as a permanent member of the force for thirty-four years, and Captain Powers having so served for thirty years. The city claims that under section 1 of the act it had the power so to do. Each petitioner claims that he could not be honorably discharged and placed on the pension roll against his will but only on his own application.

The petitioners claim that the action taken was in violation of Art. VI, Sec. 3, of the charter of the City of Portland, Priv. & Sp. Laws 1923, Chap. 109, which provides that except for cause

"neither the city council nor the civil service commission shall have power or authority to reduce, terminate, or diminish in any away the pay, term of office, or pension or retirement privileges of the members of the police department or of the fire department of the City of Portland as now enjoyed by them . . . ."

Whatever may have been the rights of the petitioners under the statute as originally drafted, the legislature had the right to amend the powers of the city in this respect, and in our opinion the amendment passed in 1927 controls; for, except as otherwise

provided by the constitution, there is no vested right in a public office. *Farwell* v. *Rockland,* 62 Me., 296; *Gardner* v. *Lowell,* 221 Mass., 150, 108 N. E., 937, 4 A. L. R., 205.

Nor does the action of the city violate, as claimed by the petitioners, the provisions of the ordinance of 1924, amended June 19, 1940, which created a Civil Service Commission and provided a system of civil service rules for the members of the police and fire departments. This ordinance deals primarily with discipline and has to do with the demotion, lay-off, suspension and removal of members of these departments for cause and upon presentation of charges and after a hearing. There is also a provision giving authority to the commission to reinstate members. If there were evidence that the city had retired these officers to circumvent the provision of this ordinance with respect to the right to a hearing on charges, we might have a different problem. But the record discloses no such action by the city.

Holding as we do that the legislature could empower the city by amendment of the original charter to retire in its discretion members of the police force, we come to the construction of the legislative act of 1927 and must determine whether under its provisions the legislature intended to give to the city the right to honorably discharge members of the police force without their consent who had served for twenty-five years or more and to place them on the pension roll.

As a guide to the interpretation of the 1927 law, counsel for the petitioners call our attention to various early statutes relating to the appointment, tenure, and retirement of members of the police force of the City of Portland. They assert that Chap. 424 of the Priv. & Sp. Laws of 1897 is ambiguous when read in connection with Sec. 1, Chap. 486 of Priv. & Sp. Laws of 1885. The 1885 enactment, it is claimed, provides for the compulsory honorable discharge of members of the police force on reaching the age of sixty, whereas the 1897 law authorizes the city to provide for the retirement of police officers who have been honorably discharged by reason of having reached the age of sixty-five. Of course the

1897 law is meaningless unless its purpose was to supersede the earlier law by authorizing the city to provide for the compulsory retirement of an officer on reaching the age of sixty-five. But counsel are unwilling to accept this construction of the 1897 law; for its language is similar to the 1927 law which they claim does not authorize the city to retire members of the police force against their will.

In their effort to place an interpretation on the 1897 law which will conform to their claimed construction of the 1927 act they, not only do violence to the language of the 1897 law, but assume that the legislature in 1897 enacted a perfectly meaningless statute.

When the new city charter was granted to the City of Portland in 1923, Priv. & Sp. Laws, Chap. 109, it was clearly the intention to provide a new and comprehensive system for the government of the city. Certainly so far as the police department was concerned it was not the purpose to leave old laws in force. Art. VI, Sec. 3, provides that the city council may provide for the "appointment, promotion, demotion, lay off, reinstatement, suspension and removal of the members of the police force . . . ." In the second paragraph there is a specific denial of the right of the city council or of the civil service commission "to reduce, terminate, or diminish in any way the pay, term of office, or pension or retirement privileges" of the members of the department. In 1927 this latter provision was amended by the law which is now before us for construction. This law authorized the city to provide for the retirement on pension not exceeding half pay of all members of the police force who have been honorably discharged from the police force by reason of,—

"First: Having served on said police force not less than twenty-five consecutive years, or

"Second: Having served on the police force not less than twenty consecutive years and having reached the age of sixty-five years, or

"Third: Having been permanently disabled in the performance of duty."

This amendment in our opinion gave to the city the right at its option, either on its own initiative or at the request of the individual member of the force, to honorably discharge any such officer coming within these provisions and to place him on the pension roll at not exceeding half pay.

This interpretation does no violence to the language of the act; it is in accord with the construction which we place on the act of 1897 if that early act has any significance here; and it is in accord with the spirit of the law and what is reasonable if a modern police force is to be maintained in an efficient condition. Is it reasonable that a man who is incapacitated from work, even though such disability may have been incurred in the line of duty, shall remain a member of the force at full pay till the end of his life? Is it unjust that a man shall be pensioned at sixty-five or does he have the right during the rest of his life, if he so wishes, to attempt what he may not be able to perform? If we face the problem realistically, must we not admit that an officer may after twenty-five years of service be beyond the age when he can perform the arduous work required and face with daring the dangers inherent in his work? Is it not true that after middle life a man in this position may lose the enthusiasm, the mental alertness, and the energy which are required for the proper performance of police duties? Under any of these conditions, should not the city have the right to retire him on a reasonable pension, so long as there is no abuse of discretion in so doing? We think that the legislature intended to give the city that right, which it may exercise in its discretion in accordance with the circumstances of each individual case.

Counsel for the petitioners have cited two cases which, certainly in the view which we take of the statute here involved, are not in point.

In *State* v. *Toledo*, 143 Oh. St., 123, 50 N. E., 2d, 338, it was

held that a city ordinance requiring the retirement of a deputy fire chief at the age of sixty-five was invalid as inconsistent with a state statute providing that the tenure of such officer shoud be during good behavior.

In *Boyle* v. *City of Philadelphia,* 1940, 338 Pa., 129, 12 A., 2d, (43), the city was held empowered even without statutory authority to provide for the retirement of firemen and policemen on a non-discriminatory age limitation. Counsel call attention to the fact that their retirement can only be made effective on a non-discriminatory basis. In other words, they argue that it must be applicable to all individuals on the same basis.

It is only necessary to call attention to the fact that in neither of these cases was the court presented with a statute which gave to the municipality the authority which we hold our statute gives to the City of Portland.

According to the interpretation which we place on the statute here involved, the ruling below was error. The entry in each case is,

*Exceptions sustained.*
*Writ quashed.*
*Petition dismissed.*