Aron Steuer, J.
In this article 78 proceeding, petitioner, the widow of a policeman, seeks to review the action of respondent Police Commissioner in refusing her a pension.
The facts are: petitioner’s husband, a retired policeman, died May 27,1938. On June 8, 1938 she applied for a pension. The application was denied on June 23,1938 for the reason that petitioner was a school teacher at the time receiving a salary of $4,300 per annum. On January 31, 1959 petitioner was retired by the Board of Education. On February 9, 1959 she again *149 applied for a pension and the same was refused on March 6, 1959.
At the time when petitioner’s husband died the matter of pensions was discretionary with the Police Commissioner (Greater New York Charter, § 354; L. 1901, ch. 466). It cannot be said that the exercise of discretion to deny a pension to a widow who is gainfully employed by a political subdivision of the State is arbitrary. The charter provides that where a person, otherwise entitled to a pension, is so employed he cannot collect it during the period of his employment (Greater New York Charter, § 897). In any event petitioner acquiesced in the determination as she did nothing further.
Today pensions are not discretionary (Administrative Code of the City.of New York, § B18-6.0). The practice is in regard to widows employed as this petitioner to grant the pension but suspend payment during the period of employment. Payments coming due during that period are forfeited. ■
Respondent takes the position that petitioner’s application of February 9, 1959 was a matter of discretion and not reviewable. He takes the further position that this proceeding is barred by the four-month Statute of Limitations applicable to article 78 proceedings (Civ. Prac. Act, § 1286). Neither contention is correct. It is true that petitioner’s right to a pension became fixed as of the time of her husband’s death and the law then in effect would be controlling (Dolan v. Valentine, 29 N. Y. S. 2d 743). And this does mean that an application is discretionary with the Commissioner. The discretion is not, however, absolute. It cannot be exercised to grant a pension to one and withhold it from another where the situations are essentially similar (Matter of Kent v. Valentine, 184 Misc. 94). Granted that the pension was properly denied in 1938, a proper exercise of discretion could still result in a favorable response in 1959. The only reason the pension was denied at the first instance was because a barrier existed as to its collection. It has since been enacted that this barrier shall not be permanent but only so long hs payment is not needed for support. To decide otherwise is to create differences in rights where there is no difference in situation, and this is arbitrary and hence beyond the limits of discretion.
The four-month Statute of Limitations applies to the action of the Commissioner. Petitioner has no complaint with the original decision. It is the latter one that is being contested and as to this the application is timely. It is only if an application for a pension is regarded as mandatory as of the time of death that any question of limitations can be raised. There *150 is nothing in either statute that requires an application to be made at any particular time. Petitioner is in the same position as if she had never made a prior application. That application at the time was properly denied. But the occasion for exercising such discretion has passed and today a denial is an abuse. Motion granted.