THOMAS P. FOLEY, JR.

*vs.*

CITY COUNCIL OF PORTLAND, MAINE

Cumberland.   Opinion, June 1, 1960.

*Walter G. Casey*, for plaintiff.

*Barnett I. Shur*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   DUBORD, J., did not sit.

WEBBER, J.   On report on an agreed statement of facts. The petitioner for the writ of mandamus is an officer in the Portland Police Department in good standing.   At age 51, after more than 25 consecutive years of service, he sought voluntary retirement with a pension computed at half pay. The respondents in their official capacity as members of the City Council denied his request and the petitioner invoked this remedy in an effort to compel a favorable action.

Chap. 75 of the Private and Special Laws of 1927 was an enabling act which authorized the Portland City Council to

provide by ordinance for non-contributory pensions for members of the police force who had been honorably discharged by reason of, among others, having served on the police force not less than twenty-five consecutive years.

Pursuant to this authority, on July 18, 1927, an ordinance was duly enacted incorporating the language of the enabling act in the following manner:

"That all members of the police force, including the Chief of Police, Captains, Lieutenants, Sergeants and Patrolmen, may be retired upon pension, not exceeding half pay, provided such members of the Police Force have been *honorably discharged* by reason of —

FIRST: Having served on said Police Force not less than twenty-five consecutive years, or

SECOND: Having served on the Police Force not less than twenty consecutive years and having reached the age of sixty-five years, or

THIRD: Having been permanently disabled in the performance of duty."

(Emphasis ours.)

Pursuant to the authority granted by appropriate amendments enacted by the legislature in Chap. 79 of the Private and Special Laws of 1957, the Portland City Council amended its ordinance on September 15, 1958 to provide:

"Section 3. Any member of the Police Department * * * of the City of Portland on January 8, 1949, who did not elect to become a member of the Maine State Retirement System, shall have the following retirement rights and benefits:

(a) Effective January 1, 1957, any such member who shall attain the age of 60 years and shall have served in said department, either as a provisional or permanent member thereof, not less than 25

consecutive years *shall* be retired forthwith upon an annual pension equal to one-half of his final base pay; * * * Notwithstanding the foregoing provisions, no present member of said department(s) shall be *required* to retire for a period of two years from the effective date of this ordinance.

(b)   Effective January 1, 1957, any such member who shall attain the age of 58 years and shall have served in said department, either as a provisional or permanent member thereof, not less than 25 consecutive years *shall* have the right to retire upon an annual pension equal to one-half of his final base pay * * * provided further that the optional retirement privileges may be suspended by the City Council in times of national emergency declared by the President of the United States if the City Council determines that there is a shortage of manpower sufficient to justify it."

(Emphasis ours.)

The respondents contend that since the 1958 ordinance was in effect at the time the petitioner lodged his request, it governs his case and he is ineligible because he has not attained age 58. The petitioner on the other hand argues in effect that he obtained vested rights by force of the 1927 ordinance, in the nature of contract, which rights cannot be diminished or impaired by later legislative or municipal action. The respondents, however, make a further contention which in our view is decisive of this case. They direct attention to the element of discretion contained in the 1927 ordinance and assert that the City Council has exercised that discretion properly although unfavorably to the petitioner.

It must be noted at the outset that the legislature in 1927 imposed no limitation by its enabling act which would prevent the City Council from enacting a discretionary pension ordinance. We have emphasized the word "may" in the 1927 ordinance since thereby the right of the City Council

to exercise a sound discretion was preserved. This is in direct contrast to the mandatory features of the 1958 amendment which stem from the use of the word "shall." It should also be noted that the 1927 ordinance required "honorable discharge" as the action of the City Council, whereas the 1958 amendment employs only the language of "retirement."

This court had occasion to examine the 1927 ordinance in *Ellsworth, Pet.* v. *City of Portland,* 142 Me. 200. In this case a Portland police captain with more than 25 years of service was seeking to prevent the City Council from honorably discharging him and thereby forcing his retirement on half pay without his consent. The decision, adverse to the petitioner, rested squarely on the discretion permitted by the 1927 ordinance. At page 205 of the opinion, the court said: "This amendment in our opinion gave to the city the right *at its option,* either on its own initiative or at the request of the individual member of the force, to honorably discharge any such officer coming within these provisions and to place him on the pension roll at not exceeding half pay. * * * Under any of these conditions, should not the city have the right to retire him on a reasonable pension, so long as there is no *abuse of discretion* in so doing? We think that the legislature intended to give the city that right, which it may exercise *in its discretion* in accordance with the circumstances of each individual case." (Emphasis supplied.) Obviously it follows that if the City Council had discretion as to whether or not to compel involuntary retirement, it had likewise discretion as to whether or not to grant honorable discharge with pension benefits when voluntarily requested. Many factors might properly be weighed in the exercise of a sound discretion such as the circumstances of the officer, his age and health, the need of his experience and training, the relative difficulty of maintaining a police force in the face of economic competition, and the public interest generally. The same considerations which prompted

the enactment of the 1958 pension provisions dealing with voluntary retirement might properly affect and even govern the exercise of a sound discretion in a case such as is presented here. It is apparent that in 1958 it was considered for the best interests of the officers, the department and the public that as a matter of policy, except in exceptional circumstances, trained and experienced men should be retained in the service until they had reached the age of at least 58 years. Certainly there is no showing here of any abuse of discretion. We conclude, therefore, that if the petitioner now has any rights by virtue of the 1927 ordinance (and as to this we express no opinion) such rights would be clearly limited by the discretionary authority reserved to the City Council, and, no abuse of discretion being shown, the decision of the City Council must stand.

The learned counsel for the respondent has supplied us with an exhaustive analysis of the cases dealing with the vesting of pension rights. His careful review indicates that, apart from statutes enacted in one or two states, nineteen jurisdictions have determined that there is no vested right in a pension before or after the granting thereof; that the courts of twelve states have held that there is no vested right in a pension until eligibility is established at the time of application for retirement; and the courts of four states have adopted the so-called California rule that there is a vested right in a pension subject, however, to change if compensating benefits are bestowed. In this connection we note with interest the words of Thaxter, J. in the *Ellsworth* case, *supra,* at page 202: "Whatever may have been the rights of the petitioner(s) under the statute (Portland Charter of 1923) as originally drafted, the legislature had the right to amend the powers of the city in this respect, and in our opinion the amendment passed in 1927 controls; *for, except as otherwise provided by the constitution, there is no vested right in a public office."* (Emphasis ours.)

For the reasons noted above, it is not necessary to determine here whether or not the majority rule prevails in Maine since this petitioner would not be entitled to the requested relief even if it were open to him to resort to the provisions of the 1927 ordinance.

The entry will be

*Writ quashed.*
*Petition dismissed.*