CITY OF LITTLE ROCK v. ROBERT MARTIN

5-4503                                               424 S. W. 2d 869

Opinion delivered March 11, 1968

324

City Attorney, *Joseph C. Kemp; Perry Whitmore,* Asst. City Attorney, for appellant.

*Spitzberg, Mitchell & Hays,* for appellee.

LYLE BROWN, Justice. Robert Martin, for forty-four years a nonuniformed employee of the City of Little Rock, instituted this action to recover disability retirement benefits as provided by city ordinances. The chancellor awarded Martin 44.3 months disability pay and the City appeals. The City here contends that the disability payment authorized by the ordinances is a mere gratuity to be paid a disabled employee only if the City adjudged the payment to be warranted.

Ordinance No. 6775 was adopted in 1945. It "announces and adopts the following policy and procedure for those employees who, because of permanent disability, retire from the city's employ." Continuing, the ordinance states that a nonuniformed city employee who is compelled to retire because of sickness, or because of permanent disability growing out of an injury incurred in line of duty, shall be retained on the payroll. The period of retention is fixed at a number of months equal to the number of years of service.

Ordinance No. 10783 was enacted in 1958. It reiterated the policy of the City to continue to pay dis-

abled employees of the nonuniformed group as in the past "until such time as a better retirement plan is adopted." It is there required that the retiring employee furnish a certificate from his physician and submit to examination by the city health director. The latter must approve the request for retirement. The approval by the city health director could only mean that the director must find the employee physically disabled.

The City has not subsequently adopted any retirement plan to cover nonuniformed employees who are compelled to retire because of sickness or injury. It did, by resolution in 1960, approve a group retirement plan funded by an insurance company. The City and its employees pay the premiums and it enables participating employees who attain 65 years of age and meet other requirements to draw retirement pay. The insurance program is not a sickness and disability retirement plan and therefore does not affect the provisions of the recited ordinances. The plan is here mentioned because the City, in denying Martin's claim, stated (through its manager) as the reason "that there was no city policy to pay employees who have regular retirement." Martin was eligible to draw under the insurance plan at the time of his retirement. For reasons not here pertinent, Martin elected to take a lump sum payment, which amounted to a return of his premiums and a small rate of interest.

Martin supplied the City with a letter from his physician and submitted to examination by the public health director. The diagnosis was osteoarthritis, chronic and generalized arteriosclerosis, and "rapid and forceful heart beat." The health director stated Martin's condition to be chronic and progressive and ended with this conclusion: "I doubt that he can continue his present occupation." It was the duty of Coy Adams, City Personnel and Civil Service Director, to examine the documents, calculate the employee's years of service, and transmit the information to the city manager. Mr.

Adams testified that Martin conformed to, and met, all procedural requirements. Mr. Adams informed the city manager that ''Robert ought to have his disability retirement.'' It was stipulated that Martin duly conformed to required procedures and that ''he was compelled to retire from his employment due to sickness and permanent disability to perform his job.''

Only one point for reversal is properly raised. Appellant contends that the lower court erred in ruling that Robert Martin is entitled to the 44.3 months disability pay as provided by the recited ordinances. Before discussing that issue we point out that generally before a board's decision will be reviewed it must be alleged that the board has acted arbitrarily. *Dunn* v. *Dauley,* 232 Ark. 17, 334 S. W. 2d 679 (1960). Appellee failed to allege in his complaint arbitrariness or capriciousness on the part of the Board. However, since appellants have at no time raised that point it is deemed waived.

We revert to the only reason shown by the trial record for disallowing Martin's claim, namely, not to pay employees who are eligible for old-age retirement pay under the insurance plan. The undisputed proof gleaned from the City's only witness (who was expertly qualified) is that the City has continued to pay disability retirement under the ordinances *since* the adoption of the old-age retirement plan, *including those employees who joined the insurance program* (old age retirement). So far as the record discloses, Robert Martin is being shunted aside while others in his identical category continue to be paid. We do not hesitate to label that action as creating differences in rights where there is absolutely no difference in situation. That action was condemned in *Application of Wallace,* 199 N. Y. S. 2d 526 (1960). The ordinances cannot be ravished to the detriment of one qualified employee by a mere resolution of the City Board of Directors which denies only that employee his authorized benefits.

We would emphasize that the single question here presented is whether, as a matter of law, Robert Martin has a vested right to disability benefits. Under the recited ordinances and the undisputed facts, Robert Martin qualified himself to be maintained on the payroll of the City of Little Rock for a period of 44.3 months from November 30, 1966, subject to approval of the Board of Directors. Since the Board's approval was denied arbitrarily, we hold that beginning with that date Martin became entitled of right to each periodic installment as it accrued, that obligation to continue at least so long as the ordinances remain in force.

Affirmed as modified.