The Honorable Sharon Trusty State Senator Post Office Box 9026 Russellville, AR 72811
Dear Senator Trusty:
I am writing in response to your request for an opinion on the following:
 A City Recorder/Treasurer in a city of the second class served 24 years in that position, from January 1970 through August of 1994, but did not retire at that time. In November 2005, he notified the Mayor that he would file for retirement effective January 2006. At a City Council meeting in December 2005, the City Council told the former Recorder/Treasurer that they probably would not approve his retirement. Pursuant to Arkansas Code Annotated § 24-12-127, can the City Council refuse to pay retirement benefits to this former City Recorder/Treasurer?
RESPONSE
In my opinion, the answer is "yes," under A.C.A. § 24-12-127 and assuming such denial is not effected in an unconstitutional manner.
Arkansas Code Annotated § 24-12-127, governing the retirement of recorder-treasurers and treasurers for cities of the second class, states:
 (a) Any recorder-treasurers and city treasurers in a city of the second class who have served as recorder-treasurer and city treasurer for a period of not less than ten (10) years, upon reaching the age of sixty (60), or who shall serve twenty (20) years without regard to age, may, upon a vote of approval by the governing body of the city, retire from office for the remainder of his or her life at the retirement pay provided for in this section.
* * *
 (b)(2) The retirement pay shall be paid by the city from its general fund account.
A.C.A. § 24-12-127 (Repl. 2002) (emphasis added).
The pertinent inquiry is whether the phrase "vote of approval" vests discretion in the city council or whether the vote is merely ministerial in nature. When interpreting a statute, a court will read the statute for its plain and ordinary language and construe that language so that no word is left void, superfluous, or insignificant. See Op. Att'y Gen. 2005-138
(quoting Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp.,
___ Ark. ___, ___ S.W.3d ___ (June 23, 2005)). The entire statute or act will be read together "to give effect to every part."Williams v. Little Rock School Dist., 347 Ark. 637,66 S.W.3d 590 (2002).
It might be debated whether this provision was intended to vest unbridled discretion in the city council to decide, on a case-by-case basis, whether to award or not to award such benefits. See, e.g., Lowe v. Feldman, 11 Misc.2d 8,168 N.Y.S.2d 674 (1957) (rejecting the argument that a union possessed unbounded discretion to decide whether to pay or not to pay pensions and concluding that the word "may" in applicable provisions was exclusively for the benefit of potential pensioners and was not dependent on the mood of the awarding officials). Other courts have disagreed, however. See, e.g.,Foley v. City Council of Portland, 156 Me. 155, 163 A.2d 415
(1960) (holding that the word "may" in statute relating to police pensions invested the city council with discretion to award or not to award pension in accordance with the circumstances of each individual case). The plain language of A.C.A. § 24-12-127
appears to require a "vote of approval" by the governing body of the city as a condition precedent to payment of the retirement benefits described therein. In my opinion, the plain and ordinary language of A.C.A. § 24-12-127 appears to invest discretion in the city council, rather than create a ministerial duty.
Furthermore, a retirement benefit paid from a general fund is a gratuitous allowance that a pensioner has no constitutional right to receive as opposed to a contribution-based retirement that is a deferred compensation plan protected by the contracts clause of the Arkansas Constitution. The retirement benefit at issue would be paid from the city general fund. Id. at (b)(2). There is no provision for contributions by the recorder-treasurer or treasurer for retirement benefits in this section. The Arkansas Supreme Court has described retirement benefits paid from a general fund, as opposed to those funded by the contributions of the retiree, as "a gratuitous allowance." Robinson v. Taylor,342 Ark. 459, 29 S.W.3d 691 (2000).[1] Specifically, the Court stated:
 The retirement benefit at issue in this case . . . is to be paid entirely from the city's general fund. As Ms. Robinson contributed no funds, the retirement benefit was merely a gratuitous allowance. A pensioner has no vested right in a mere gratuitous allowance.
Id. (citations omitted). While the statute in Robinson,supra, was mandatory, providing a retirement benefit to every mayor who met the age and tenure requirements thereof, see fn. 1, supra, the Court found no vested constitutional right in the benefits. By contrast, A.C.A. § 24-12-127 contains discretionary, as opposed to mandatory, language as to the granting of retirement benefits. Furthermore, the retirement benefit authorized in A.C.A. § 24-12-127 is a "gratuitous allowance" which does not give rise to a vested right. In my opinion, A.C.A. § 24-12-127 requires approval of the governing body of a city to pay the retirement benefits therein and the governing body may refuse to approve the retirement benefits. See also Op. Att'y Gen. 2005-097 (discretionary early retirement subsection of A.C.A. § 24-12-123 does not give rise to a vested right and a future city council could alter or abolish discretionary benefits approved by an earlier city council).
While there is a statutory basis for refusing the claims, I must note that any decision made by the governing body of the city must otherwise comport with constitutional standards. Potentially implicated in this regard is the equal protection clause of the United States Constitution, amend. 14, and the Arkansas Constitution, Art. 2, §§ 2 and 3. As the Arkansas Supreme Court stated with respect to equal protection, "like other forms of legislation an ordinance does not have to treat all people or all activities similarly . . . [I]nstead, the ordinance may include classifications that cause people or activities to be treated differently so long as there is a rational basis for the distinction." Craft v. City of Fort Smith, 335 Ark. 417,984 S.W.2d 22 (1998) (citations omitted). The city council must treat the retiring recorder-treasurer in the same manner as any other similarly situated recorder-treasurers. I have described the equal protection doctrine, under the 14th Amendment to the United States Constitution and Article 2, §§ 2 and 3 of the Arkansas Constitution, as follows:
 The equal protection doctrine prohibits certain types of "classifications." A classification is the disparate treatment of those who are similarly situated. However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification that does not affect a suspect class or a fundamental right, it is necessary to show that the disparity is arbitrary. The disparity must be shown to have no rational basis — i.e., no possible rational relationship to a legitimate governmental end.
Op. Att'y Gen. 2003-147 at fn. 4 (citations omitted).
In addition, the Arkansas Supreme Court, in the context of an alleged arbitrary pension decision by the City of Little Rock, stated:
 So far as the record discloses, [one employee] is being shunted aside while others in his identical category continue to be paid. We do not hesitate to label that action as creating differences in rights where there is absolutely no difference in situation. That action was condemned as arbitrary in Application of Wallace, 199 N.Y.S.2d 526 (1960). The ordinance cannot be ravished to the detriment of one qualified employee by mere resolution of the City Board of Directors which denies only that employee his authorized benefits.
City of Little Rock v. Martin, 244 Ark. 323, 326,424 S.W.2d 869 (1968).
In deciding whether or not to extend retirement benefits, the city council must not act in an arbitrary manner or risk violating the equal protection doctrine. Whether a particular decision is or is not arbitrary is a factually intensive inquiry that must be addressed on a case-by-case basis, and one which this office is neither equipped nor empowered to make.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh
[1] In Robinson, supra, A.C.A. § 24-12-123 provided a mandatory retirement for a mayor to be paid from the city's general fund when the age and tenure requirements were met. Ms. Robinson, the mayor, had not met those requirements when the General Assembly enacted Act 601 of 1991. Act 601 prohibited a retiring individual from receiving a lump sum payment from the municipality as well as monthly retirement benefits. Ms. Robinson had received a lump sum payment and argued that her right to the monthly payments vested upon her election as mayor to the term that would complete the tenure requirements. The Arkansas Supreme Court held that the mayor had not met the tenure requirements at the time of passage of the act and that there was no existing right to receive the retirement under A.C.A. § 24-12-123. It also noted that the retirement was merely a gratuitous allowance that could be changed by the General Assembly.