Carolyn ROBINSON *v.* Jerry TAYLOR,
Mayor of Pine Bluff

99-1428 29 S.W.3d 691

Supreme Court of Arkansas
Opinion delivered October 26, 2000
[Petition for rehearing denied November 30, 2000.]

*Virginia "Ginger" Atkinson*, for appellant.

*Thomas N. Kieklak*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from the trial court's denial of a petition for a writ of mandamus to compel the mayor of the City of Pine Bluff to pay a retirement benefit to a former mayor of that city pursuant to Ark. Code Ann. § 24-12-123 (Supp. 1999). We affirm the trial court's denial of the writ of mandamus.

On January 15, 1999, the appellant, Carolyn Robinson, a former alderman and mayor of the City of Pine Bluff, filed a motion for a writ of mandamus in the Jefferson County Circuit Court. She asked the court to issue a writ of mandamus directing Jerry Taylor, the current mayor of the city, to pay her a retirement benefit from the general funds of the city pursuant to Ark. Code Ann. § 24-12-123. Specifically, Ms. Robinson alleged that she was entitled to the retirement benefit because she had served the city for a period of no less than ten years and had reached the statutory

retirement age of sixty years on August 6, 1997. She also alleged that Mayor Taylor arbitrarily relied on Ark. Code Ann. § 14-42-117 (Repl. 1998) when he deleted her retirement pay from the city budget, and thereby violated her constitutional right to receive the benefit. In another count, Ms. Robinson alleged gender discrimination under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 *et seq.* (Supp. 1999), and sought compensatory and punitive damages against Mayor Taylor personally. Mayor Taylor contested these allegations and cited Ark. Code Ann. § 14-42-117 in support of his argument that Ms. Robinson forfeited her right to receive the retirement benefit provided by law in Ark. Code Ann. § 24-12-123 when she elected to receive a lump-sum payment from a plan offered by the City of Pine Bluff. The trial court denied Ms. Robinson's motion for a writ of mandamus and dismissed her complaint for gender discrimination.

Ms. Robinson's sole argument on appeal is that the trial court erred in failing to find that her right to the retirement benefit provided by Ark. Code Ann. § 24-12-123 vested prior to the enactment of Ark. Code Ann. § 14-42-117. We disagree. Arkansas Code Annotated section 24-12-123 provides, in relevant part, as follows:

> (a)(1) In all cities of the first class in this state, any person who shall serve as mayor of the city for a period of not less than ten (10) years, upon reaching age sixty (60) years ... shall be entitled to retire at an annual retirement benefit during the remainder of his natural life, payable at the rate of one-half (1/2) of the salary payable to the mayor at the time of his retirement.
>
> (2) The retirement payment shall be paid monthly and shall be paid from the city general fund.
>
> (3) However, mayors who have served as an elected official or employee of that city prior to or after their service shall count their service as an elected official or employee of that city at the rate of one (1) year for mayor's retirement for each two (2) years served as an elected official or an employee of that city with a maximum of an additional two (two) years' credit towards mayor's retirement.

It is undisputed that Ms. Robinson served six years as alderman of the first class City of Pine Bluff, thereby entitling her to the maximum two years' credit toward her mayor's retirement pursuant to section 24-12-123(a)(3). It is also undisputed that she served the

City of Pine Bluff as mayor for two four-year terms. Therefore, Ms. Robinson accumulated the ten years of service required to receive her annual retirement benefit as provided in section 24-12-123. However, she did not complete her ten years of service until December 31, 1992, the end of her second term as mayor. Prior to that date, by Act 604 of 1991 (codified at Ark. Code Ann. § 14-42-117), the General Assembly adopted the following provision, which became effective on July 15, 1991:[1]

> [n]o elected official may withdraw in a lump sum or roll over into a private account any accumulated benefits established by the municipality for which the official was employed and at the same time receive a pension as provided for under an act of the General Assembly.

Ms. Robinson concedes that at the end of her second term as mayor, she received a lump-sum payment from the city's local pension program. Mayor Taylor argued, and the trial court found, that pursuant to Act 604 of 1991, her election to receive such a lump-sum payment from the City of Pine Bluff prohibits her from also receiving an annual retirement benefit under section 24-12-123. Ms. Robinson, on the other hand, argues that Act 604 of 1991 did not take effect until July of 1991. Specifically, she contends that her right to retirement benefits under section 24-12-123 vested when she was elected to a second term as mayor and took office on January 1, 1989, "subject only to her living long enough to complete her second term and reach the age of sixty...." From this premise, she asserts that any attempt by the General Assembly in July of 1991 to divest her of that right would violate Article 2, section 17, of the Arkansas Constitution and Article 1, section 10, of the United States Constitution.

The critical question to be decided in this appeal is whether Ms. Robinson's rights to retirement benefits under section 24-12-123 became vested prior to the enactment of Act 604 of 1991. Ms. Robinson relies on the case of *Jones v. Cheney*, 253 Ark. 926, 489 S.W.2d 785 (1973). In that case, a former state official petitioned for a writ of mandamus directing the State Auditor to pay him his statutory retirement benefits. The official had met all of the requirements of Act 148 of 1965, which established the pension plan at

---

[1] Op. Att'y Gen. #91-119.

issue, with the exception of being age sixty-five. However, before the official reached the age of sixty-five, the General Assembly passed Act 167 of 1967, which amended the 1965 law to require service in any one of several named State offices for at least ten years. The official did not meet this new requirement because, while he had served the State for ten years, he had not served ten years in any one position. Thus, the State Auditor denied the official his retirement benefits, and the official sued for a writ of mandamus. The trial court granted the official's petition and entered a mandamus order directing the State Auditor to pay the official his retirement benefits under Act 148 of 1965, because his rights to the benefits had become vested prior to the change in the law. We affirmed the trial court's issuance of a writ of mandamus against the State and held that the official's rights vested in him prior to the change in the law, and that he had a constitutional right to have his vested right remain unimpaired. *Id.*

 *Jones v. Cheney* is clearly distinguishable from the present case for two reasons. First, in *Jones v. Cheney*, the former state official's rights in the retirement benefits vested only after he had met all of the requirements established in the statute, with the exception of being age sixty-five. When the law was amended by the General Assembly, the former state official had already served the required ten years. In the instant case, when Act 604 of 1991 was adopted by the General Assembly, Ms. Robinson had not yet served the City of Pine Bluff for the required minimum period of ten years. In order for the right to vest, the required time must be served. *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993); *Durham v. Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986); *Holaway v. Holaway*, 70 Ark. App. 240, 16 S.W.3d 302 (2000). Second, the retirement plan at issue in *Jones v. Cheney* was based on voluntary contributions from member employees. We held that such a system represents delayed compensation for services rendered in the past due under a contractual obligation inuring to the employee's benefit and is not a gratuitous allowance in which the pensioner has no vested right. *Id.* The retirement benefit at issue in this case, on the other hand, is to be paid entirely from the city's general fund. Ark. Code Ann. § 24-12-123. As Ms. Robinson contributed no funds, the retirement benefit was merely a gratuitous allowance. *Arkansas Tech University v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). A pensioner has no vested right in a mere gratuitous allowance. *Jones v. Cheney, supra.*

We therefore hold that Ms. Robinson's rights to retirement benefits under section 24-12-123 had not become vested at the time the General Assembly adopted Act 604 of 1991. Thus, as to any retirement benefits claimed by Ms. Robinson under Ark. Code Ann. § 24-12-123, the General Assembly was free to alter or abolish those retirement benefits without violating Article 2, section 17, of the Arkansas Constitution or Article 1, section 10, of the United States Constitution prohibiting *ex post facto* laws or impairment of contracts.

Finally, Ms. Robinson argues in the alternative that the language of Act 604 of 1991 does not prevent her from receiving retirement benefits because she did not receive the lump-sum payment and "at the same time receive a pension as provided for under an act of the General Assembly." Essentially, she suggests that the prohibition against "double dipping" in Act 604 of 1991 would not apply to her due to the fact that the lump-sum payment and the payments made pursuant to section 24-12-123 would not be received by her "at the same time." Ms. Robinson, however, misinterprets the language of that provision.

The basic rule of statutory construction is to give effect to the intent of the legislature. *Hercules, Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d 576 (1995). The legislative intent is gathered from the plain meaning of the language used. *Id.* Also, a particular provision in a statute must be construed with reference to the statute as a whole. *Flowers v. Norman Oaks Constr. Co.*, 341 Ark. 474, 17 S.W.3d 472 (2000). When we consider the entire statutory provision in section 14-42-117, including those provisions established by Act 723 of 1989, it is clear that the legislature intended the statute to operate to prohibit a former elected official or employee of a city from receiving retirement benefits or pension payments from both the city's retirement plan and a plan established by the General Assembly "for the same period of service." The statute prohibits duplicative payments for "the same period of service" without reference to when the payments are actually received:

> [A]ny elected official of a first-class city ... who is entitled by an act of the General Assembly to retirement benefits for service as such ... elected official and who also participates in another retirement plan established by the city for the *same period of service* shall be entitled to only one (1) retirement benefit for the *same period of service* to the municipality ... and the ... elected official may choose

whether to receive the retirement benefit provided by law or provided by the plan offered by the municipality.

Ark. Code Ann. § 14-42-117. (Emphasis added.) Therefore, the language of section 14-42-117 is clearly applicable to Ms. Robinson. Because she elected to receive a lump-sum retirement benefit from the City of Pine Bluff, she forfeited her right to receive a retirement benefit pursuant to section 24-12-123 for the same period of service. We affirm the trial court's denial of the writ of mandamus.

Affirmed.