The Honorable John Paul Verkamp State Representative 1405 W. Center Street Greenwood, AR 72936-3405
Dear Representative Verkamp:
You have presented the following question for my opinion:
 Can a city clerk treasurer retire and draw both retirement benefits from the city's retirement fund and ½ of her salary pursuant to A.C.A. § 24-12-121?
You indicate that your question arises out of the following scenario: The City of Greenwood maintains a retirement program for the city clerk treasurer, as well as other officials and employees, under which the city contributes 7% of the employees' salary to a retirement fund. This fund was set up prior to 1989 and has been contributed to by the current city clerk treasurer since that time. The city clerk treasurer is currently seeking retirement, and indicated that it is her plan to draw both the retirement benefits under the city's program, and ½ of her salary, as provided by A.C.A. § 24-12-121(b)(1). The previous city clerk treasurer drew both benefits when she retired in the mid 1980's.
RESPONSE
It is my opinion, as explained more fully below, that the city clerk treasurer may not draw both retirement benefits under the city's retirement program, and ½ of her salary, as provided by A.C.A. §24-12-121(b)(1), unless she had vested in both programs prior to the enactment of A.C.A. § 14-42-117 in 1989.
I will begin by setting forth the language of the pertinent statutes.
The provisions of A.C.A. § 24-12-121 state in pertinent part:
 (a) Any city clerk or clerk-treasurer in a city of the first class who shall have served as city clerk, clerk-treasurer, and city treasurer for a period of not less than ten (10) years, upon reaching the age of sixty (60) years, or who shall serve twenty (20) years without regard to age, shall be entitled to retire from office for the remainder of his or her life at the retirement pay provided for in this section.
 (b)(1) Any city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer who shall retire, or be succeeded by another city clerk or clerk-treasurer within the provisions of this section shall be paid monthly a sum equal to one-half (1/2) of the monthly salary received by him during the last preceding year of his service.
A.C.A. § 24-12-121.
Although the above-quoted statute does appear on its face to apply to the city clerk treasurer, the provisions of A.C.A. § 14-42-117 must also be considered. That statute states:
 Notwithstanding any other law to the contrary, any employee of a first-class city, second-class city, or incorporated town, and any elected official of a first-class city, second-class city, or incorporated town who is entitled by an act of the General Assembly to retirement benefits for service as such employee or elected official and who also participates in another retirement plan established by the city for the same period of service shall be entitled to only one (1) retirement benefit for the same period of service to the municipality, provided that no elected official may withdraw in a lump sum or roll over into a private account any accumulated benefits established by the municipality for which the official was employed and at the same time receive a pension as provided for under an act of the General Assembly, and the employee or elected official may choose whether to receive the retirement benefit provided by law or provided by the plan offered by the municipality.
A.C.A. § 14-42-117.
In my opinion, it is clear that the clerk treasurer whom you have described falls squarely within the provisions of A.C.A. § 14-42-117, quoted previously. She is a city official to whom both a city-maintained retirement plan and a plan established by the General Assembly (i.e., the plan stated in A.C.A. § 24-12-121) applies. Under the provisions of A.C.A. § 14-42-117, she must therefore choose between these two; she cannot receive benefits under both plans.
The only circumstances under which it could be argued that this clerk treasurer should receive both benefits would be those under which the clerk treasurer had fully vested in both plans prior to the enactment of A.C.A. § 14-42-117 in 1989. If she had vested prior to that time, it could be argued that the constitutional principle prohibiting the impairment of contracts would prevent the application of A.C.A. §14-42-117 to her situation. See U.S. Const., Art. 1, § 10; Ark. Const., Art. 2, § 17; Jones v. Cheney, 253 Ark. 926, 489 S.W.2d 785 (1973); Pylev. Webb, 253 Ark. 940, 489 S.W.2d 796 (1973); Op. Att'y Gen. No. 96-325. However, if the clerk treasurer had not fully vested in both plans prior to the enactment of A.C.A. § 14-42-117, she could not make this constitutional claim, and would therefore fall within the prohibition of A.C.A. § 14-42-117.
The Arkansas Supreme Court recently reached this conclusion with regard to a mayor in Robinson v. Taylor, 342 Ark. 459, 29 S.W.3d 691 (2000). In that case, a mayor argued that she was entitled to receive both benefits under a city-maintained retirement plan, and benefits under the provisions of A.C.A. § 24-12-123 (which is the mayors' equivalent of A.C.A. § 24-12-121). The court held that because the mayor had not fully vested in both plans prior to the enactment of A.C.A. § 14-42-117, she was prohibited by that statute from receiving benefits under both plans.
On the basis of these authorities, I must conclude that unless the clerk treasurer in question had fully vested in both the city's retirement program and under A.C.A. § 24-12-121 prior to the enactment of A.C.A. §14-42-117, she is prohibited by the provisions of that statute from receiving both benefits.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General