The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, Arkansas 72936-1876
Dear Representative Greenwood:
I am writing in response to your request for an opinion on the following question:
 An issue has arisen among clerks when filing beneficiary deeds. When beneficiary deeds are mailed to the county or circuit clerks to be filed they are refusing to file the deeds unless an affidavit of revenue stamps is signed and an address is placed on the document for tax statement purposes. Those two things are not required since a beneficiary deed is [sic] only passes title at death and no money changes hands between the grantor and grantee.
 Your help in clarifying this issue by an opinion is greatly appreciated.
RESPONSE
In my opinion the filing of a beneficiary deed does not trigger liability for payment of the "Real Property Transfer Tax" levied at A.C.A. § 26-60-105. Unfortunately, because a beneficiary deed is not specifically listed as an exempted transfer under current A.C.A. §26-60-102, two separate subsections (A.C.A. §§ 26-60-107(b)(1) and A.C.A. § 26-60-110), nonetheless require some form of affidavit to be completed. If this current procedure is deemed unnecessary in the case of beneficiary deeds, the General Assembly may act to amend it.
Some explanation is necessary.
The Arkansas General Assembly recently enacted Act 1918 of 2005, which created a new type of deed for conveying title to real property. Subsection A.C.A. § 18-12-608(a)(1)(A) states that "A beneficiary deed is a deed that conveys an interest in real property, including any debt secured by a lien on real property, to a grantee designated by the owner and that expressly states that the deed is not to take effect until the death of the owner." As explained in Christopher Barrier, "The UncertainGift: Arkansas' New Beneficiary Deed," The Arkansas Lawyer, Vol. 41, No. 2 (Spring 2006):
 Act 1918 of 2005 ("the Act") is intended to allow owners of Arkansas real estate to pass title to that real estate on their deaths directly to their chosen beneficiaries, without making the real estate the subject of probate proceedings, as a devise by will ordinarily would. To do this, the Act creates a new term and type of conveyance, the "beneficiary deed." It permits a grantor to execute and record a deed to an interest in real estate to a third party, but to expressly state that the conveyance becomes effective only upon the grantor's death at a time when the grantee has survived the grantor.
Id. at 20.
The Act states that "A beneficiary deed transfers the interest to the designated grantee beneficiary effective upon the death of the owner" (A.C.A. § 18-12-608(a)(1)(B)(i)) and that "No legal or equitable interest shall vest in the grantee until the death of the owner prior to the revocation of the beneficiary deed."[1] As you note, therefore a beneficiary deed "only passes title at death." You also note that "no money changes hands between the grantor and the grantee." The new Act does not contain any mention of consideration as a necessary element of the beneficiary deed. As stated in Barrier, supra:
 The statute appears to make the well-established concepts of delivery and consideration irrelevant to such deeds, in a major departure from the common law. Only recordation prior to the grantor's death makes the beneficiary deed effective, and delivery to the grantee would be irrelevant without that recordation. No consideration is required for such conveyances and presumably no revenue stamps.[2]
Id at 21. (Emphasis original).
The "revenue stamps" referred to above are used to establish payment of the "real property transfer tax" levied pursuant to A.C.A. §§26-60-101 to -112 (Repl. 1997 and Supp. 2005). That subchapter imposes a tax as follows:
 (a) There is levied on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by the purchaser's direction, when the consideration for the interest or property conveyed exceeds one hundred dollars ($100), a tax at the rate of one dollar and ten cents ($1.10) for each one thousand dollars ($1,000) or fractional part thereof.
 (b) In addition to the tax levied in subsection (a) of this section on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers or any other person or persons by his or their direction when the consideration for the interest or property conveyed exceeds one hundred dollars ($100), as levied under the provisions of this chapter, there is levied an additional tax of two dollars and twenty cents ($2.20) for each one thousand dollars ($1,000), or fractional part thereof, to be paid by the purchaser and to be allocated and used for the purposes as provided in § 15-12-103.
A.C.A. § 26-60-105(a) and (b) (Repl. 1997) (emphasis added).
A number of transfers of property are specifically excluded from application of the tax by a separate statute (A.C.A. § 26-60-102), which lists transfers to or from governmental entities, instruments given solely to secure a debt, instruments conveying land sold for delinquent taxes, instruments given by one party in a divorce action, and a number of other specific exemptions.
As can be seen from A.C.A. § 26-60-105 set out above, the tax is levied on deeds, instruments or writings when the consideration for the transaction exceeds one-hundred dollars. The subsection above also refers to written instruments by which any "realty sold" is granted, transferred, assigned or conveyed. In the case of a beneficiary deed, however, the applicable statutes do not mention or require any consideration, much less a consideration of over one-hundred dollars, and the property is not necessarily "sold." The tax levied by A.C.A. § 26-60-105 therefore does not attach to a beneficiary deed unsupported by the level of consideration mentioned therein.
In addition, the subsection immediately following the one above states that:
 The tax levied by this chapter applies at the time of transfer, shall be computed on the basis of the full consideration for the real estate transferred, and, unless agreed upon otherwise, shall be paid one-half (1/2) by the grantor or seller and one-half (1/2) by the grantee or purchaser.
A.C.A. § 26-60-106 (Repl. 1997) (emphasis added).
As you note, with a beneficiary deed, no consideration is required byAct 1918 of 2005. If a beneficiary deed is unsupported by consideration, there is therefore no basis upon which to calculate the amount of tax due. In addition, the tax does not attach until the "time of transfer." The transfer of property under a beneficiary deed does not occur until the death of the grantor. The real estate transfer tax therefore does not attach at the time of recordation.
In my opinion, therefore, a beneficiary deed is not generally the type of instrument for which liability for payment of the real estate transfer tax arises. Unfortunately, this does not end the inquiry as regards the applicable procedure to be followed and paperwork to be completed at the time of recordation.
The "revenue stamps" you mention, or "documentary stamps," as the applicable subchapter refers to them, are made available to be placed on the face of a conveying instrument to evidence payment of the real estate transfer tax before a deed or other instrument is recorded or filed with the county recorder.[3] In this regard A.C.A. § 26-60-110
provides as follows:
 (b) The county recorder of deeds shall not record any instrument evidencing a transfer of title subject to this chapter unless:
 (1) The instrument shall, at the time it is presented for recording, have attached thereto or be accompanied by an affidavit in the form provided in this chapter, containing the information required in this chapter, and have documentary stamps attached to the face of the instrument evidencing full payment of the real property transfer tax on the transaction. The instrument shall contain a notation on its face, which shall be recorded as part of the instrument, that the affidavit was completed; or
 (2)(A) In the alternative, the instrument has stamped thereon or attached thereto, in a manner which will cause it to be recorded as a part of the instrument, the following statement:
 "I certify under penalty of false swearing that the legally correct amount of documentary stamps have been placed on this instrument."
 (B) This statement shall be signed by the grantee or his agent, and the grantee's address shall be clearly shown on the instrument.
(Emphasis added.)
This is presumably the statute giving rise to the reluctance of some clerks to file beneficiary deeds without the paperwork referred to above. The reference in subsection (b)(1) to "an affidavit in the form provided in this chapter" refers to a triplicate form affidavit designed by DFA, requiring information pertinent to the transfer, and a statement of the amount of tax due, or a statement that the tax does not apply to the transfer. See A.C.A. §§ 26-60-107 and -108. This requirement was first adopted by virtue of Act 754 of 1983 and was amended by three separate acts in 1985. See Acts 1985, Nos. 926, 1063 and 1081. The alternative "certification," referenced in subsection (b)(2)(A), which certifies that the correct amount of documentary stamps have been placed on the document, was added by identical Acts 1985, No. 1063 and 1081. It is my understanding that the latter required "certification" has largely replaced the former DFA triplicate affidavit form and that recorders in Arkansas do not routinely require or have available the DFA triplicate forms. The statutes regarding such forms nevertheless continue to appear in the applicable statutes.
As can be seen in the first line of subsection (b) of A .C.A. §26-60-110 above, the mandatory duty placed on the recorder to ensure payment of tax applies only to transfers "subject to this chapter," meaning the chapter imposing the real estate transfer tax. Obviously, therefore, those transfers that are expressly exempted from the transfer tax by A.C.A. § 26-60-102 need not bear the required certification. A question arises, however, because the new beneficiary deed is not expressly exempted from the subchapter in A.C.A. § 26-60-102, as to whether the alternative certification or the DFA triplicate affidavit form is required prior to the recordation of such a deed.
One of the statutes regarding the now infrequently used DFA triplicate form requires the completion of such form where no tax is due and the transfer is not one specifically and clearly exempted by A.C.A. § 26-60-102. See A.C.A. § 26-60-107 (Repl. 1997). For our purposes the first relevant portion is the emphasized segment in subsection (a) below:
 (a)(1) The Director of the Department of Finance and Administration shall design a "Real Property Transfer Tax Affidavit of Compliance Form" which shall be in triplicate.
 (2)(A) The form shall contain essentially the information prescribed in this section.
 (B) The affidavit portion shall provide space for:
 (i) The name and address of the grantor or seller;
 (ii) The name and address of the grantee or buyer;
 (iii) The date of the real property transfer as reflected on the transfer instrument;
 (iv) The name of the county in which the property is located;
 (v) The amount of the full consideration for the transaction or a statement giving the reason the real property transfer tax does not apply to the transaction unless it is clearly evident from the contents of the document to be recorded without reference to any other writing or extrinsic evidence that the instrument is exempt from the real property transfer tax under one (1) of the provisions in § 26-60-102, in which case the recorder may record the instrument without such an affidavit. In any case where the recorder doubts the entitlement to the exemption, the recorder shall require the affidavit or a certification, setting out the reasons for the exemption in full to be submitted with the instrument prior to recording the instrument; and
 (vi) The value of the documentary stamps attached to the face of the instrument.
(Emphasis added).
This provision was amended in 1985 to provide that if it is clear, from the contents of the document itself, that it is exempt under A.C.A.26-60-102 (the statute listing the specific exemptions), then it "may" be recorded without the DFA affidavit. See Acts 1985, No. 926 § 5.See also, Acts 1985, Nos. 1063 and 1081, § 5. Another provision first adopted by Act 754 of 1983, but later amended by the same 1985 acts, addresses the situation when the transfer is not clearly exempt under A.C.A. § 26-60-102. It now appears at subsection (b) of A.C.A. §26-60-107 and provides that:
 (b)(1) If the real property transfer instrument is for a transfer upon which no tax is due but is not clearly exempt under § 26-60-102, the same affidavit shall provide for stating this fact and shall be signed by the grantee, or his agent, whose address shall be included in a space provided on the affidavit and be presented with the transfer instrument to the recorder.
(Emphasis added).
Even though no tax is due under the subchapter, unless the exemption is one clearly appearing under A.C.A. § 26-60-102 (the list of specifically exempted documents), the subsection above regarding the DFA affidavit form requires the completion of this portion of the affidavit form along with the signature of the grantee or his agent, and the required address.
The issue is not as clearly addressed with regard to more commonly used "alternative" certification. Again, section 26-60-110 is the only pertinent provision authorizing the alternative certification. It prohibits the recorder from recording an instrument that is "subject to th[e] chapter" without either: 1) the DFA affidavit along with the documentary stamps attached to the instrument; or 2) the alternative certification stating that the "legally correct amount of documentary stamps have been placed on the instrument. Without a clear exemption in A.C.A. § 26-60-102 for beneficiary deeds, it is unclear whether such deeds are "subject to th[e] chapter" imposing the real estate transfer tax (although no tax is due). As noted above, other provisions of the subchapter, at least those addressing the DFA triplicate affidavit form, contemplate the filing of an affidavit even though no tax is due, unless the transfer is one specifically exempted by A.C.A. § 26-60-102. Although this point is not made as clear with regard to the alternative certification, in my opinion, reading all the provisions of the applicable subchapter together leads to the same conclusion with regard to the alternative certification.[4] A particular provision in a statute must be construed with reference to the statute as a whole (Robinson v. Taylor, 342 Ark. 459, 29 S.W.3d 691 (2000)), and the intent of the legislature is determined from the whole act. McGee v. AmorelPublic Schools, 309 Ark. 59, 827 S.W.2d 137 (1992). Even though no tax is due, unless the transfer is specifically exempted by A.C.A. §26-60-102, in my opinion some form of affidavit must be completed in connection with the transfer.
In my opinion, therefore, even though no real estate transfer tax is triggered by the recording of a beneficiary deed, current law nonetheless requires either the DFA "affidavit form" with a statement to this effect, signed by the grantee or his agent and bearing his address, or the more commonly used "alternative" certification set out above. If this procedure is unduly cumbersome with regard to beneficiary deeds, the General Assembly may act to amend it.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Act 1918 also provides for revocation of a beneficiary deed "at any time by the owner or, if there is more than one (1) owner, by any of the owners who executed the beneficiary deed." A.C.A. § 18-12-608
(d)(1) (Supp. 2005). To be effective, the revocation must be executed before the death of the executing owner and must be recorded with the county recorder before the death of the owner. Id. at (d)(2)(A) and (B).
[2] The author qualifies this statement, however, by stating that: "The statute itself does not mention consideration, although the other states' statutes do. However, the form of deed set out in the statute does not, so by inference, it is not required, which would be another profound departure from the common law of centuries past. Careful drafters should not rely on inferences, of course, especially since the form is required to comply `with other applicable laws. . . .'"Id. at 21.
[3] As I stated in Op. Att'y Gen. 2003-167, "[t]he circuit clerk is the recorder," citing A.C.A. § 14-14-603(7) and Durden v. SebastianCounty, 73 Ark. 305, 83 S.W. 1048 (1904) (stating that the office of circuit clerk and recorder is "but one").
[4] Presumably the alternative certification, in a case where no tax is due, would certify that the correct amount of documentary stamps on such an instrument is no documentary stamps at all.