The Honorable Daryl A. Pace State Representative 13470 Saint Andrews Drive Siloam Springs, AR 72761-9610
Dear Representative Pace:
I am writing in response to your request for an opinion concerning the retirement of the Director of Finance for the City of Gentry. Your question arises from the following reported facts:
The City of Gentry's Director of Finance is planning to retire. They have been employed by Gentry since 1994. They were originally hired to serve as the City of Gentry's Administrative Assistant. In 1996, the City of Gentry created the position of Director of Finance which the former Administrative Assistant then filled. The Director of Finance serves as the Administrative Assistance for Gentry and performs the "statutory and common law duties of the City Clerk, except the duties of attending Council Meetings and preparing the minutes" per Ordinance 96-427. Beginning on January 1, 1999, the Director of Finance has also served as the City Clerk which is an elected position.
You further note that the Director of Finance participates in the City's employee retirement program.[1]
Against this factual backdrop, you have posed the following questions:
With their service to the City in a variety of positions, may the Director of Finance/City Clerk retire and draw half of the Director of Finance's salary pursuant to Arkansas Code § 24-12-121? Or, will they have to choose between drawing half of the City Clerk's salary of $3,600 pursuant to Arkansas Code § 14-42-117 or drawing retirement benefits as a retired city employee under the City's employee retirement program?
RESPONSE
The answer to your first question is "no," in my opinion. While it appears from the facts *Page 2 
provided that this individual might be able to retire from the office of City Clerk pursuant to A.C.A. § 24-12-121, the retirement benefit under this subsection is clearly based upon the City Clerk's salary. With regard to your second question concerning A.C.A. § 14-42-117, this proscription against so-called "double-dipping" in my opinion applies to prohibit the collection of retirement benefits from two different city-funded retirement systems for service in the same position during the same period of time. Because you have stated that the individual in question serves in the separate positions of City Clerk and Director of Finance, it would seem that the proscription is inapplicable and that this person is not required to choose between the retirement pay under A.C.A. § 24-12-121 (one-half of the City Clerk's monthly salary) and the City's employee retirement program benefit, assuming eligibility for both retirement benefits based upon proper service in both positions. It should be noted however, that any question of this nature concerning eligibility for retirement benefits must be presented first to the City for determination in the first instance, based upon the applicable benefit provision and relevant state law.
Question 1 — With their service to the City in a variety of positions, may the Director of Finance/City Clerk retire and draw half of the Director of Finance's salary pursuant to Arkansas Code § 24-12-121?
This question requires reference to the full text of subsection24-12-121:
 (a) Any city clerk or clerk-treasurer in a city of the first class who shall have served as city clerk, clerk-treasurer, and city treasurer for a period of not less than ten (10) years, upon reaching the age of sixty (60), or who shall serve twenty (20) years without regard to age, shall be entitled to retire from office for the remainder of his or her life at the retirement pay provided for in this section.
 (b)(1) Any city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer who shall retire or be succeeded by another city clerk or clerk-treasurer within the provisions of this section shall be paid monthly a sum equal to one-half (1/2) of the monthly salary received by him or her during the last preceding year of his or her service.
 (2) The retirement pay shall be paid by the city from its general fund account.
 (c)(1) Any city clerk or clerk-treasurer in a city of the first class who has served in another capacity with the same city, and that capacity of service also provides for a retirement plan, may apply all years served in that previous capacity toward the accrual of the vesting period provided for in subsection (a) of this section, if approved by the city council.
 (2) Benefits shall be paid proportionally from the various funds applicable to the respective capacities of service. This shall be based on the length of service in each capacity for the city. A.C.A. § 24-12-121 (Repl. 1998). *Page 3 
This statute entitles a "city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer" to retire at "one-half (1/2) of the monthly salary received by him or her during the last preceding year of his or her service." Id. at (b)(1). If the city clerk or clerk-treasurer has served the city in "another capacity" covered by a retirement plan, the clerk may, subject to city council approval, apply such service "toward the accrual of the vesting period." Id. at (c)(1).[2]
According to the factual backdrop to your questions, the individual in question began serving as City Clerk on January 1, 1999. You have not stated whether she — I am informed this involves a woman — was elected or appointed as City Clerk, but I assume for purposes of this opinion that she has lawfully served as such since that time. While it thus seems that she has not served as City Clerk for the requisite ten years so as to satisfy the vesting period under A.C.A. § 24-12-121, the other facts provided in your request suggest that she might be able to retire as City Clerk by applying her years of service as Director of Finance to accumulate the requisite ten years of service. I should note in this regard that I lack sufficient information to definitively decide the matter of her eligibility for such a benefit based on her service as both City Clerk and Director of Finance. You have referred generally to her service in a variety of positions, and I assume for purposes of this opinion that such service has been consistent with state law and local ordinance(s). It should be emphasized, however, that this is a matter for the City to decide in the first instance based upon the applicable facts and law, and with the advice of local counsel. If the City Council properly approves the accrual of the vesting period under subsection24-12-121, then she will receive a monthly benefit of one-half her monthly salary as City Clerk.
In response to your specific question, therefore, in my opinion she clearly cannot retire and draw one-half of the Director of Finance's salary pursuant to A.C.A. § 24-12-121. Subject to City Council approval, she might be able to apply her years of service as Director of Finance "toward the accrual of the vesting period" under subsection 24-12-121. But her retirement pay in that instance will not be based upon the Director of Finance salary. If she is eligible to retire pursuant to subsection 24-12-121, it is by virtue of her service as City Clerk, which reportedly commenced on January 1, 1999. Her "retirement pay" upon retirement, assuming she is at least age 60, see n. 2, supra, will be based upon her salary as City Clerk. This follows, in my opinion, from the plain language of the statute, wherein it provides for a monthly benefit of "one-half (1/2) of the monthly salary received . . . during the last preceding year of . . . her service." The term "service" clearly has reference to the person's service as city clerk or city-treasurer. I find no authority for the proposition that her retirement pay under subsection 24-12-121 might be based upon her salary as Director of Finance.
In reaching this conclusion, I am mindful of the reported fact that this person began performing many of the duties of the City Clerk in 1996, pursuant to city ordinance. Specifically, Ordinance No. 96-427 of the City of Gentry, approved January 9, 1996, created the position of Director of Finance, which this person reportedly then filled. The ordinance further provides that "[t]he Director of Finance shall . . . perform all statutory and common law duties of the City Clerk, except the duties of attending Council *Page 4 
meetings and preparing the minutes related thereto." Id. at Section 2 (emphasis original). Because this individual has therefore performed many of the City Clerk's duties for more than ten years, and presumably has been paid as Director of Finance to do so, the question apparently has arisen whether she somehow qualifies for a retirement benefit under A.C.A. § 24-12-121, supra, based upon her Director of Finance salary.
I have considered and rejected this proposition. As noted above, the retirement benefit under subsection 24-12-121 extends to "[a]ny city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer." Id. at (b)(1). It seems clear that the individual in question did not "serv[e] as city clerk" for purposes of this statute when she performed duties of the City Clerk in her capacity as Director of Finance pursuant to City of Gentry Ordinance 96-427. In my opinion, a "city clerk . . . or any person serving as city clerk" as contemplated by subsection 24-12-121(b)(1), is one who serves in the position of city clerk either by virtue of election or appointment to the position. According to the information you have provided, this person began serving as City Clerk on January 1, 1999. You do not indicate whether she was elected or appointed as City Clerk; but regardless, assuming she properly assumed the position, it appears clear that she began serving as City Clerk in 1999. This is the salient fact under subsection24-12-121 that leads me to conclude that she might be able to accumulate the ten years of service required to receive the monthly retirement benefit of one-half of her City Clerk's monthly salary.
Question 2 — Will they have to choose between drawing half of the City Clerk's salary of $3,600 pursuant to Arkansas Code § 14-42-117 or drawing retirement benefits as a retired city employee under the City's employee retirement program?
The facts before me suggest that A.C.A. § 14-42-117 is inapplicable and that this person is not required to choose between the retirement pay under A.C.A. § 24-12-121 (one-half of the City Clerk's monthly salary, as discussed above) and benefits under a retirement program that the City provides for its employees. Subsection 14-42-117 provides as follows:
 Notwithstanding any other law to the contrary, any employee of a first class city, second class city, or incorporated town, and any elected official of a first class city, second class city, or incorporated town who is entitled by an act of the General Assembly to retirement benefits for service as such employee or elected official and who also participates in another retirement plan established by the city for the same period of service shall be entitled to only one (1) retirement benefit for the same period of service to the municipality, provided that no elected official may withdraw in a lump sum or roll over into a private account any accumulated benefits established by the municipality for which the official was employed and at the same time receive a pension as provided for under an act of the General Assembly, and the employee or elected official may choose whether to receive the retirement benefit provided by law or provided by the plan offered by the municipality.
A.C.A. § 14-42-117 (Repl. 1998) (emphasis added). *Page 5 
This statute prevents so-called "double dipping," see Robinson v. Taylor, 342 Ark. 459, 464, 29 S.W.3d 691 (2000), by prohibiting duplicative retirement payments for "the same period of service." One of my predecessors opined as follows regarding this election of benefits requirement:
It is my opinion that the provisions of A.C.A. § 14-42-117 were not intended to apply to persons who hold two different jobs with the city. I interpret A.C.A. § 14-42-117 to prohibit the collection of retirement benefits from two different city-funded retirement systems for service in the same job during the same period of time. I do not interpret this statute to prohibit the collection of retirement benefits from two different city-funded retirement systems for service in two different jobs that were held during the same time period.
* * *
The purpose of A.C.A. § 14-42-117 appears to have been to prevent "double-dipping" by city employees. The concept of "double-dipping" envisions two payments for one service. This concept has no application to a situation in which a person receives two payments for two different jobs.
Op. Att'y Gen. 2000-171. See also Ops. Att'y Gen. Nos. 96-325 (opining that a mayor who has taken a lump sum retirement under a separately maintained city pension plan is not prohibited by subsection 14-42-117
from seeking benefits under A.C.A. § 24-12-123 for a different period of service to the city) and 95-009 (regarding the retirement benefits of a deputy city clerk who previously served the city in another capacity).
I agree with this interpretation of subsection 14-42-117. Accordingly, given that the individual in question serves in two separate positions — City Clerk and Director of Finance — I believe subsection 14-42-117 is inapplicable. More specifically, in my opinion she is not required to make a choice between retiring as City Clerk and receiving the benefit under A.C.A. § 24-12-121, as discussed above, and drawing benefits under the City's employee retirement program for her service as Director of Finance, assuming she is in fact eligible for both retirement benefits based upon proper service in both positions. This is a determination that must be made in the first instance by the City. Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It is my understanding, although it is not stated in your question, that the employee retirement program you have referenced is a so-called "457 plan," that is, a governmental retirement plan established under section 457 of the United State Internal Revenue Code.26 U.S.C.A. 457. I have no other specific information concerning the program.
[2] The "vesting period" is ten (10) years, with benefits beginning at age sixty, or twenty (20) years with no age limit for receipt of benefits. See generally Op. Att'y Gen. 2000-310 (explaining that a city clerk "may `retire' with 10 years of service at any age, but will only be allowed to begin receiving benefits upon reaching age sixty.")